(153 App. Div. 310.)

### HICKS v. PEARSALL et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

REMAINDERS (§ 14*)—TITLE TO LAND—PLEADING AND PROOF.

Land devised to J. for life, with remainder to her children, was, with land owned by G., husband of J., conveyed to D.; the children of J. either joining in or confirming the conveyance. At the same time D. conveyed certain land to G., and certain other land to J., which latter land she conveyed to defendant A., one of her children. *Held*, on complaint of one of J.'s children, alleging ownership in fee in herself and J.'s other children of the land conveyed to A., with no allegation of fraud, or amendment to conform to any proof of intention, not indicated in the deeds, that the land deeded to J. should take the place of that devised to her, plaintiff was not entitled to partition.

[Ed. Note.—For other cases, see Remainders, Cent. Dig. § 10; Dec. Dig. § 14.*]

Appeal from Trial Term, Dutchess County.

Action by Elizabeth P. Hicks against Annie T. Pearsall and others for partition. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Walter Farrington, of Poughkeepsie, for appellant.

Wm. L. Gellert and Frank B. Lown, both of Poughkeepsie, for respondents.

WOODWARD, J. A simple statement of the conceded facts in this case would seem to afford a complete answer to the contention of the plaintiff upon this appeal. The complaint sets up the usual action in partition, with alleged ownership of the fee in the plaintiff and the several defendants. The defendant Annie T. Pearsall denies ownership in the plaintiff and her codefendants, and alleges ownership in herself, and denies that any party to the action, other than herself, has any interest therein. On the trial of the action upon these pleadings, without allegation of fraud, the plaintiff introduced in evidence a copy of a deed of the premises to the defendant, with nothing to indicate that the title thus vested in the defendant had ever been divested. Of course, with the absolute title in the defendant, the plaintiff has no standing in an action for partition.

One Charles Brown was originally the owner of a certain farm near Salt Point, in Dutchess county. He died, leaving a last will and testament, by the terms of which he conveyed this farm to Jane Ann Pearsall "during her natural life and no longer," and upon her death

the land was to "go to and be equally divided among all her children, to them, their heirs and assigns, forever." It was provided that if any child died prior to the death of the mother, leaving lawful issue, such issue was to take the deceased parent's share. Jane Ann Pearsall and her husband took possession of this farm, and the husband purchased an adjoining tract of land. In 1872 Jane Ann Pearsall, with her husband, Gilbert T. Pearsall, and three of her children, then of age, conveyed the Salt Point farm and the husband's separate tract of land to one John Doty, in exchange for the premises sought to be partitioned and another tract of land at or near Clinton Corners. Subsequently the minor children of Jane Ann Pearsall, on becoming of age, confirmed the transfer of these properties to Doty. At the time of the transfer of the Salt Point properties, Doty deeded the store property (the premises sought to be partitioned) to Jane Ann Pearsall, while the second piece of property, consisting of 35 acres near the store, was conveyed to Mr. Pearsall, her husband; and the theory of the plaintiff, who was one of the minor children of Jane Ann Pearsall, who subsequently joined in granting the Salt Point land to Doty, is that the premises in suit were intended to take the place of the lands conveyed to Doty, and which, under the will, were to belong to the children of Jane Ann Pearsall upon her death. But the plaintiff in this action, along with all the others having any interest in the Salt Point property, have conveyed the premises to Doty, and Doty, for a good consideration, has conveyed the premises involved in this action to the defendant's mother, Jane Ann Pearsall, who, in turn, deeded the same to the defendant.

There is no suggestion of fraud. There is some loose testimony which suggests that at the time of the transfer of the Salt Point property, or subsequently, it was understood that the store property was to take the place of the Salt Point property; but there is nothing in the deeds to indicate any such intention, and there was no effort upon the trial to amend the pleadings to conform to this proof, and the case as it is here presented shows all interest in the Salt Point premises out of the plaintiff, and all interest in the store property vested in the defendant, and there was nothing for the court to do but to dismiss the complaint.

The judgment appealed from should be affirmed, with costs. All concur.