(164 App. Div. 721)

### HICKS v. PEARSALL.

(Supreme Court, Appellate Division, Second Department. November 20, 1914.)

JUDGMENT (§ 585*)—RES JUDICATA—JUDGMENT IN PARTITION.

    A judgment for defendant in partition by plaintiff, alleging that she and defendant and codefendants were each seised of an undivided fifth of the land sought to be partitioned, rendered on the merits, on the court finding that the title to the property was in the mother of the parties absolutely, and that the land was not impressed with a trust in favor of the parties, is res judicata in a subsequent action by plaintiff against defendant for an undivided fifth of the land, on the theory that a conveyance made by plaintiff of a fifth interest was procured by fraud.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. § 585.*]

Appeal from Special Term, Dutchess County.

Action by Elizabeth P. Hicks against Annie T. Pearsall. From a judgment of dismissal on the merits, plaintiff appeals. Affirmed.

See, also, 153 App. Div. 310, 138 N. Y. Supp. 2.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Walter Farrington, of Poughkeepsie, for appellant.
William L. Gellert, of Poughkeepsie, for respondent.

JENKS, P. J. Charles Brown devised certain lands to his daughter, Mrs. Jane Ann Pearsall, for life, with remainder to her five children. In 1872 Mrs. Pearsall, her husband, and such of the said children as then were of age, conveyed these lands to Doty, who in exchange conveyed to Mrs. Pearsall certain lands known as the "store property." When, in 1874, this plaintiff, one of the said five children, became of age, she also executed a conveyance to the said Doty of an undivided one-fifth interest in the said farm lands. The conveyance of the "store property" by Doty to Mrs. Pearsall was in fee simple, and thereupon the latter entered into possession of the lands and continued in such possession until her death in 1909. In 1901 Mrs. Pearsall made conveyance in fee of the "store property" to her daughter, Annie T. Pearsall. This action is brought by one of the said children of Mrs. Pearsall against her sister, the said Annie T. Pearsall, for judgment that the deed last mentioned is null and void and that plaintiff is the owner of one undivided fifth of the said "store property." The theory of the action is fraud, in that this plaintiff made the conveyance of one-fifth of the said farm lands to Doty at the request of her mother, the said Mrs. Pearsall, and upon the latter's promise that the "store property" would be held by her and would take the place of the said farm lands. The defendant joined issue by general denial, save as to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

various conveyances which I have described, and by plea of two defenses, namely, res adjudicata and the statute of frauds. The Special Term, at the close of the entire case, dismissed the plaintiff on the merits.

Without consideration of any other question, I think that the judgment should be affirmed, because the defense of res adjudicata was established. It appears that in 1911, two years before this present action was begun, this plaintiff as sole plaintiff brought an action against this defendant and the other brothers and sisters and their legal representatives for partition of these lands, in that this plaintiff and her other brothers and sisters were seised of an undivided one-fifth of said lands, respectively. Annie T. Pearsall, this defendant, appeared and answered separately in the partition action, to deny all allegations of title in plaintiff or in any other save herself, and to allege that she was the sole owner in fee. The court gave judgment for the defendant upon the merits, and we affirmed it. Hicks v. Pearsall, 153 App. Div. 310, 138 N. Y. Supp. 2. In the said partition action the trial court found that the said Mrs. Pearsall did not in any manner or at any time agree to hold the real property described in the complaint (the very property which is the subject of the present action), which was conveyed to her by Doty, in trust or for the benefit of the said Mary A. Knapp, Elizabeth P. Hicks (this present plaintiff), John J. Pearsall, and William H. Pearsall, or any of them; nor did the said Mrs. Pearsall in any manner or at any time agree that her said named children, or any of them, should at any time have or acquire any right, title, or interest whatever in or to the premises described in the complaint in lieu of, or as a substitute for, any interest or estate in remainder devised under the said will of Charles Brown, deceased. And the court also found as conclusions of law that the said premises had never been held in trust, nor impressed with a trust, nor in any manner subjected to any right, interest, or benefit of the said persons named in the said finding of fact (including this plaintiff), or the defendants, or any of them, and that the said Annie T. Pearsall (the present defendant) at the time of the commencement of the action was, and now is, the sole and exclusive owner in fee simple absolute of the said entire real property perforce of the conveyance made to her by the said Jane Ann Pearsall in 1901.

It is clear enough from the record that in the partition action the claim of title as now sought to be made out was litigated and determined. Despite old cases, which were decided upon the ground that the action for partition was but a possessory action, it is now well settled that a judgment as to title in partition is as conclusive as is any other judgment. Freeman on Judgments, § 304; Jenkins v. Fahey, 73 N. Y. 355; Jordan v. Van Epps, 85 N. Y. 427; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Drake v. Drake, 61 App. Div. 1, 8, 70 N. Y. Supp. 163; Place v. Rogers, 101 App. Div. 193, 91 N. Y. Supp. 912. I think that the rule of res adjudicata must obtain, as this very claim was determined relevantly in the partition action. See Clemens v. Clemens, 37 N. Y. at 73; Stokes v. Foote, 172 N. Y. 344, 65 N. E. 176; Reynolds v. Ætna Life Ins. Co., 160 N. Y. 652, 55 N. E. 305; Webster v. Kings County Trust Co., 145 N. Y. 275, 39 N. E. 964.

The learned counsel for the appellant argues that the rule of res adjudicata does not apply because no question of fraud was or could be raised or litigated in the partition suit. But the plaintiff's fabric of fraud falls unless she establishes a property right in the land, and her very claim of property right which she would establish in this action has been adjudicated against her in the partition action. It matters not the form of actions are different. Bell v. Merrifield, 109 N. Y. 202–209, 16 N. E. 55, 4 Am. St. Rep. 436.

Judgment affirmed, with costs. All concur.