(93 Misc. Rep. 197)

### ALLEN et al. v. LITCHARD et al.

(Supreme Court, Trial Term, Allegany County.    January, 1916.)

1. TRUSTS ⬤⇒30—COVENANT TO STAND SEISED—WHAT CONSTITUTES.

Where testatrix changed her will and devised land to plaintiff upon his executing a paper reciting that the devise was made on the understanding that he should deliver such land to infants to whom it had before been devised, the will and the written instrument constitute a covenant to stand seised, which, under Real Property Law (Consol. Laws, c. 50) §§ 90–93, is good as a grant; the two instruments being construed together.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 39, 40; Dec. Dig. ⬤⇒30.]

2. PERPETUITIES ⬤⇒6—WHAT CONSTITUTE.

As the power of alienation can be suspended only for two lives in being, a declaration to stand seised to the use of another, which entitled the trustee to retain possession of the property, though the trust was a mere passive one, until the end of his life, is bad as a perpetuity, for the trustee might retain possession for longer than two lives in being.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. ⬤⇒6.]

3. ESTOPPEL ⬤⇒83—EQUITABLE ESTOPPEL.

In such case, where the trustee induced the testatrix to devise the property to him on the representation that he would hold it for the benefit of the infant beneficiaries, he cannot set up that by reason of the perpetuity he took the property free from the rights of the beneficiaries.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 218, 227–229; Dec. Dig. ⬤⇒83.]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. PARTITION ☞17—ACTIONS—TITLE.
    Though defendant asserted he held title as trustee, a determination by the jury that plaintiffs were entitled to part of the land, the trust appearing passive, entitles them to judgment of partition under Code Civ. Proc. § 1543, providing that the title and interest of plaintiffs, stated in the complaint and made an issue by the answer, must be determined.

    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 53–59; Dec. Dig. ☞17.]

Action by Ferne Allen and Rosene Allen, by their guardian ad litem, against Roger G. Litchard and others. There was a verdict for plaintiffs, and defendants moved for new trial. Motion denied.

John Griffin, of Hornell, for plaintiffs.
Whiteman & Hill, of Hornell, for defendants.

BROWN, J. On April 29, 1908, Elizabeth Litchard executed her last will and testament, wherein she devised one-third of her real estate to her son, Lemuel H. Litchard, and concurrently therewith Lemuel H. Litchard executed and delivered to Elizabeth Litchard a paper declaring that the devise of such real estate to him was made upon the understanding and agreement between himself and Elizabeth Litchard whereby:

"I did agree to and do now agree to turn over all real estate or personal property received by me as my share under her said will to said Elizabeth Litchard's two grandchildren, namely, Ferne Allen and Rosene R. Allen, and I agree to turn over and give the same to them when they shall arrive at the age of 18 years, respectively, or sooner or later, as the understanding is between us that the time for giving the said property to them is left to my discretion and not until the time I shall think just and proper, and I am to use my own judgment in said matter as to time or as to the time of giving them the use of said property is to be at any time I think best and proper."

Elizabeth Litchard died April 28, 1914, owner in fee of the real property described in the complaint. After the probate of her said last will and testament the plaintiffs' guardian demanded of Lemuel Litchard the use and benefit of one-third of such real estate for said infants, which was refused, said Lemuel Litchard claiming the right to hold such real estate, use and manage the same as he saw fit, and not to use the same for the benefit of such infants until such time as he desired so to do. Thereupon this action for a partition of such real estate was commenced by the guardian of such infants. The complaint alleged all of the foregoing facts, alleging that plaintiffs are seised in fee of one undivided third of such real estate, and other appropriate allegations. The defendant Lemuel H. Litchard answered, and denied every allegation of the complaint. The issues thus raised were brought on for trial before a jury. The defendants rested at the close of the plaintiffs' case. The defendants moved for a dismissal of the complaint, stating that the only question at issue was whether the plaintiffs were the owners in fee of the one-third devised to Lemuel H. Litchard, and entitled to the immediate possession thereof, or whether Lemuel H. Litchard was entitled to the possession until he should think it wise to deliver such possession to the plaintiffs. The plaintiffs

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

moving for the direction of a verdict, a verdict was thereupon rendered by the jury upon the direction of the court that the plaintiffs were the owners in fee as tenants in common of an undivided third of the premises described in the complaint, and entitled to the immediate possession thereof. The defendants moved to set aside the verdict and for a new trial upon the ground that before the plaintiffs can acquire any title, so as to enable them to maintain partition, there must be a trust established by a decree in equity, and that plaintiffs would not be entitled to possession under any trust that can be established until their arrival at 18 years of age; that such trust cannot be established by this court in this action at law of partition.

[1] The agreement on the part of Lemuel H. Litchard has in it all the essential elements to constitute it a covenant on his part to stand seised of the devise for the use of the plaintiffs. The will of Elizabeth Litchard and the written declaration of Lemuel H. Litchard are part of one transaction; they must be read together. The transaction and the force of the two papers are as though they constituted one instrument. The will is a deed; there are words making a covenant; the covenantor, at the time his covenant took effect, viz., on the death of Elizabeth Litchard, was actually seised of the grant; the intention that Lemuel H. Litchard was to take title for the infants is plain; the consideration for his covenant was the devise to him. The union of these essentials constitutes a covenant to stand seised. Roe v. Tranmarr, 2 Smith's Leading Cases, 682; 4 Kent's Com. 493; Jackson v. Sebring, 16 Johns. 534, 8 Am. Dec. 357; Roberts v. Roberts, 22 Wend. 144; Hayes v. Kershow, 1 Sand. Ch. 266. A covenant to stand seised is good as a grant. Sections 90, 91, 92, and 93 of the Real Property Law.

[2] All parties concede that the title devised to Lemuel H. Litchard is for the use of the plaintiffs. The only real controversy is as to whether the trust or use is a passive or an active one. If it is a passive trust or use, the legal title, with the right of possession, vested in the infants upon the death of Elizabeth Litchard. If it is an active trust or use, the right of possession does not accrue to the plaintiffs until the expiration of the trust or use. It is seen that the use or possession is attempted to be retained in Lemuel H. Litchard under his declaration until the plaintiffs "shall arrive at the age of 18 years respectively, or sooner or later," etc. The period "later" than the arrival at the age of 18 years is fixed solely in the discretion of Lemuel H. Litchard. Under the strict reading of the declaration, the use or possession is authorized to be withheld from the plaintiffs during the entire lifetime of Lemuel H. Litchard. It is possible that he might not exercise his discretion of delivering the possession to the plaintiffs until just before his death, which might not be for half a century. It is this possibility that constitutes the vice of the paper. There is no definite, fixed time when the plaintiffs will be entitled to such possession. It cannot under the law be farther away than the expiration of two lives in being. Under this paper it may be many years beyond such lives. The suspension of the power of alienation—that is, the suspension of the right to possess—must necessarily cease within the statutory limits. Jennings v. Jennings, 7 N. Y. 547; Tucker v. Tucker, 5 N. Y. 408.

A trust term exceeding such limit is forbidden, and the term must be declared void. It therefore follows that when Lemuel H. Litchard declared that he took the devise for the plaintiffs he placed the title in the plaintiffs, and that when he declared that he would retain possession for a period measured by his personal convenience he named a trust term that was beyond his power to fix. The trust term being void, and the trust being a passive one, the title, with right of possession, became vested in the plaintiffs.

[3] Elizabeth Litchard having changed the devise in her will from the plaintiffs to Lemuel H. Litchard at his request and upon his covenant to take the devise for the plaintiffs, he will not be heard to say that, because he fixed a trust term that was void, therefore he takes the devise as owner, and not as trustee; neither will he be heard to say that the trust is void.

[4] By virtue of the provisions of section 1543 of the Code of Civil Procedure the title and interest of the plaintiffs, as stated in the complaint and made an issue by the denial of the defendants, must be tried and determined in this action. Weston v. Stoddard, 137 N. Y. 119, 36 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Hicks v. Pearsall, 164 App. Div. 721, 150 N. Y. Supp. 207; Drake v. Drake, 61 App. Div. 1, 70 N. Y. Supp. 163; Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Delcambre v. Delcambre, 210 N. Y. 460, 104 N. E. 950; Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230. The jury having found that the plaintiffs are the owners in fee as tenants in common of one undivided third of the premises described in the complaint and entitled to the immediate possession thereof, all the rights of the defendants were preserved.

It is believed that this finding establishes all the facts alleged essential to be found to entitle plaintiffs to an interlocutory judgment. Inasmuch, however, as defendants stated that the only question for the jury was plaintiffs' title and right of possession, and in view of the sweeping denial in the answer, findings will be made in detail relative to facts and conclusions of law.

The defendants' motion must be denied.