84 N.J. Super. 479 (1964)
202 A.2d 706
HACKENSACK WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1964.
Decided July 9, 1964.
*480 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Robert E. Tarleton argued the cause for appellant (Messrs. Beggans & Keale, attorneys; Mr. James P. Beggans, of counsel).
Mr. Thomas J. Brady argued the cause for respondent (Messrs. Milton, Keane & DeBona, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendant General Accident Fire and Life Assurance Corporation, Ltd. (General Accident) appeals from a judgment on the pleadings in favor of plaintiff Hackensack Water Company (Hackensack). The issue *481 involved is coverage under an insurance policy issued by General Accident to Hackensack.
Hackensack instituted the instant action against General Accident to recover the sum of $505 it had expended to defend a third party action instituted by Vergona & Sons, Inc. (hereafter Vergona).
On June 8, 1960 Lester Jansen, an employee of Hackensack, was injured in the course of his business duties for his employer while on the premises of Vergona. Hackensack is self-insured with respect to workmen's compensation coverage and it paid Jansen workmen's compensation benefits. Jansen then instituted an action grounded in negligence against Vergona. Vergona filed a third party action against Jansen's employer, Hackensack, seeking indemnification.
The third party complaint was not based on Hackensack's alleged assumption of liability by contract but rather on the allegation that the injuries to Jansen were caused by the sole, or primary, negligence of Hackensack, and that either Vergona was not negligent or any negligence on its part was secondary in character, resulting in a right to indemnification as a matter of common law.
Hackensack had a combined comprehensive liability insurance policy with General Accident, the pertinent provisions of which read:
"COVERAGE B  BODILY INJURY LIABILITY  EXCEPT AUTOMOBILE To pay on behalf of the insured all sums which the insured shall become legally obligated to pay or the liability of others assumed by him under contract for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons."
"II DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS With respect to such insurance as is afforded by this policy, the company shall:
(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * *."

*482 "EXCLUSIONS
This policy does not apply:
(e) under Coverages A and B, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(g) under Coverage B, except with respect to liability of others assumed by the insured under contract, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured;."
Hackensack requested that General Accident defend the third-party action, but General Accident refused to do so on the ground that exclusions (e) and (g) of its policy of insurance negated any obligation to defend said action. Hackensack entered its own defense to the third-party action and obtained the entry of summary judgment against Vergona. Hackensack then instituted the instant action to recover the amount of counsel fees incurred in defending the third-party action. The reasonableness of the attorneys' fees is not in dispute.
Hackensack and General Accident each moved for judgment on the pleadings. The trial court denied General Accident's motion and entered judgment in favor of Hackensack, ruling that General Accident was obligated under the terms of the policy to defend the third-party complaint against Hackensack. It held that General Accident "was obliged to defend in order to establish the basis of the exclusion."
We think that the third-party complaint must be read in the light of Jansen's complaint against Vergona, since that complaint sought to charge Hackensack with the primary liability for Jansen's injury. Jansen's complaint alleged that he was an employee of Hackensack; that he entered upon Vergona's premises to read the water meter and that he was injured while on said premises. It is clear that the injuries for which Jansen brought suit arose out of and in the course of his employment by Hackensack.
An insurer's duty to defend depends on the coverage afforded by the policy. If the complaint states a claim constituting *483 a risk insured against, the insurer has a duty to defend. Danek v. Hommer, 28 N.J. Super. 68 (App. Div. 1953), affirmed 15 N.J. 573 (1954). The general rule is stated as follows in 7A Appleman, Insurance Law and Practice, § 4683, p. 436 (1942):
"An insurer's duty to defend an action against the insured is measured, in the first instance, by the allegations in the plaintiff's pleadings, and if such pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend, irrespective of the insured's ultimate liability to the plaintiff. * * *"
In Danek, supra, Judge (now Justice) Francis applied this test.
"So in the resolution of the problem, the complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment, and in reaching a conclusion, doubts should be resolved in favor of the insured." (28 N.J. Super., at p. 77)
In the instant case the third-party complaint in substance sought to hold Hackensack primarily liable for bodily injury sustained by one of its own employees arising out of and in the course of employment. Coverage B of the policy is for bodily injury claims and requires the insurer to defend any suit involving such claims. However, exclusion (g) specifically provides that Coverage B does not apply to bodily injury of any employee of the insured arising out of and in the course of his employment by the insured. (It is not contended that the insured had, by contract, assumed the liability of Vergona.) Therefore, contrary to plaintiff's contention, the third-party complaint on its face asserts a claim which was expressly excluded by the policy. See Cardinal v. United States Casualty Co., 277 App. Div. 1140, 101 N.Y.S.2d 421 (App. Div. 1950), affirmed 302 N.Y. 853, 100 N.E.2d 47 (Ct. App. 1951); American Stevedores v. American Policyholders' Insurance Co., 138 N.Y.S.2d 513 (Sup. Ct. 1955).
*484 If Jansen had brought a direct suit in negligence against Hackensack for his injuries, it cannot be doubted that such claim would have been clearly excluded under clause (g) of the policy, and General Accident would have had no duty to defend such action. In substance, the third-party complaint seeks to accomplish the same result by substituting Hackensack as the real party defendant in Jansen's suit in negligence for his injuries.
Even looking at the third-party complaint in the original action as one by Vergona to secure indemnification from Hackensack, it still is not within the policy coverage. As appears from the language of "Coverage B," the policy contemplates either direct liability to the person bodily injured, or the "liability of others assumed by him [the insured] under contract for damages." Thus, insofar as "liability of others" is concerned, the policy covers the insured only for express contractual liability, not for common law indemnification. Cf. Stern v. Larocca, 49 N.J. Super. 496 (App. Div. 1958). If there were any doubt as to the correctness of this result, it would be eliminated by exclusion (g) which, in excluding coverage in case of injury to an employee of the insured in the course of employment, excepts only assumption of liability of others by contract. This plainly means express contract, not indemnification by operation of law.
Reversed and remanded for entry of judgment in favor of defendant.