Emery N. ZIDELL, Arnold H. Zidell and Jack Rosenfeld, dba Zidell Machinery & Supply Co., and Zidell Docks, Inc., an Oregon corporation, Plaintiffs,

v.

The TRAVELERS INDEMNITY COMPANY, a corporation, Defendant.

No. 65-549.

United States District Court
D. Oregon.

Feb. 2, 1967.

Kenneth E. Roberts; Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiffs.

Edwin J. Peterson, Tooze, Powers, Kerr, Tooze & Peterson, Portland, Or., for defendant.

von der Heydt, District Judge.

Plaintiffs seek to recover from the Travelers Indemnity Company the amount Zidell Docks, Inc., paid to the owners of the vessel Kostis A. Georgilis to indemnify them for an injured longshoreman's judgment against the ship, obtained under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The expense was incurred by Zidell Docks in defending the indemnity claim.

Zidell Docks employed Stanley Wojcik, a longshoreman, as a cat skinner to move scrap aboard the vessel Kostis A. Georgilis. · While performing this work, he was injured by a piece of scrap that caught in the treads of the bulldozer he was operating. Wojcik sued the ship, his sole remedy under the Act, 33 U.S.C.A. § 905, alleging that the ship was unseaworthy because the bulldozer did not adequately shield the operator from scrap thrown up by the treads.

Wojcik recovered against the ship, and the owners brought an indemnity action against Zidell Docks, which had supplied the bulldozer. Zidell Docks tendered the defense to the defendant Travelers, which company refused the tender. The shipowners subsequently obtained a judgment for $12,209.90 against Zidell Docks, Inc. In addition, Zidell. Docks incurred expenses of $1,715.50 defending the claim.

The Travelers Insurance policy contains the following provisions:

### "Coverage A"

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained by any person and caused by accident.

### "Exclusion (h)"

This policy does not apply under Coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to * * * any employee of the insured arising out of and in the course of his employment by the insured. * * *

### "Contract"

The word "contract" means, if in writing, a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement, or elevator or escalator maintenance agreement.

The primary issue before the Court is the nature of Zidell Docks' liability to the shipowners. Travelers contends that Zidell Docks was liable for bodily injury to an "employee * * * arising out of the course of his employment," and that Exclusion (h) rendered the policy inapplicable to Zidell Docks' liability.

Plaintiffs contend that the liability was contractual, predicated on Zidell Docks' breach of its warranty to perform stevedoring services in a workmanlike manner. By failing to provide an adequate shield for Wojcik, Zidell Docks became liable to indemnify the shipowners for Wojcik's judgment against them.

The United States Court of Appeals for the Ninth Circuit has determined that a stevedore is contractually liable to indemnify a shipowner for judgments based on unseaworthiness and caused by a stevedore's negligence. Indemnity Insurance Company of North America v. California Stevedore and Ballast Company, 307 F.2d 513 (9 Cir., 1962). In the cited case the insurance company had refused to defend a third party suit against its insured, a stevedore, because it claimed that under an exclusion, its comprehensive policy did not apply "except with respect to liability assumed under written contract, to bodily injury to * * * any employee of the insured while engaged in the employment of the insured."

The Court of Appeals decided that the insurance company was liable under its policy. It held that the stevedore's liability to the vessel owner was contractual

under Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) and Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958), because the stevedore warrants that it will perform its services in a workmanlike manner.

It therefore found the exclusion relied upon by the insurance company inapplicable because it was

> concerned [with] Workmen's Compensation or Employer's Liability, or, perhaps, both. The shipowners' claims in the case at bar dealt with neither. Appellees [the stevedore] have not been held liable to their employees; appellees losses were predicated on their breach of contract. Indeed the [Longshoremen's and Harbor Workers' Compensation] Act precludes their liability to their employees. We do not read Exclusion (c) as excluding anything having to do with appellee's contractual liabilities. 307 F.2d at 516.

■ Although Exclusion (h) in the Travelers policy is not identical to the exclusion considered by the Court of Appeals in *California Stevedore,* no support is found in the language of that decision to hold one exclusion applicable to an owner's indemnity action and another inapplicable. Therefore, the Court holds that Exclusion (h) does not render the Travelers policy inapplicable to plaintiffs' claim.

Travelers argue that its policy should not be held to insure against Zidell Docks' liability as an indemnitor when it would not apply if Wojcik had sued Zidell Docks directly. Hackensack Water Company v. General Accident Fire and Life Assurance Corp., Ltd., 84 N.J.Super. 479, 202 A.2d 706 (1964). This position overlooks the statute which prevents injured longshoremen from suing their employers. Unlike the third party defendant in *Hackensack* and similar cases cited by Travelers, Zidell Docks was liable only to the shipowners on a theory of breach of warranty. In any event, the Court of Appeals decided this contention adversely

to the position asserted by Travelers in *California Stevedore,* supra.

Travelers contends that it cannot be liable for more than a share of the loss. It relies on the "other insurance" clause in its policy, which provides that where other valid and collectible insurance exists, Travelers will not be liable for "a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Plaintiffs have other insurance issued by Underwriters of Lloyds of London through World Auxiliary Insurance Corporation Ltd. and St. Helens Insurance Company Ltd. The Lloyds policy, which covers bodily injury to employees, provides that its coverage "shall be excess over all other valid and collectible insurance," and that the policy "does not apply * * * to the insured's liability to employees * * * of the insured * * * for which there shall be other valid and collectible insurance."

Travelers contends that the total loss should be prorated between the two insurers according to the proportion their policy limits bear to the total limits of valid and collectible insurance. Lamb-Weston, Inc. v. Oregon Auto Insurance Co., 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959) holds that proration of liability is proper where the applicable insurance policies contain repugnant other insurance clauses.

The Oregon Supreme Court recently held that a prorata other insurance clause in one policy was repugnant to an excess other insurance clause in another. Liberty Mutual Ins. Co. v. Truck Insurance Exchange, 83 Or.Adv.Sh. 497, 420 P.2d 66 (Nov. 16, 1966). The Court held that both policies provided primary liability for the claim and that other insurance clauses were attempts to transfer as much of the burden of the loss as possible to other primary insurers. The Court held that the other insurance clauses of the two policies were repugnant, and prorated liability according

to the policy limits. In the same opinion the Court held that proration included only the primary insurers and that the issuer of a true excess insurance policy need not "pay any part of the loss before the first layer of coverage is exhausted." 83 Or.Adv.Sh. 502, 420 P.2d 69.

■ The Court holds in this case that the Lloyds policy provides contingent liability and is not applicable until coverage under the Travelers policy is exhausted. By its terms, the Lloyds policy does not apply if there is "other valid and collectible insurance." This is an exclusion, not an other insurance clause. For a judgment within the limits of the Travelers policy, there is no other applicable insurance.

Therefore, plaintiffs are entitled to judgment against Travelers in the sum of $13,925.40, the amount of the judgment against Zidell Docks, Inc., plus costs and attorneys' fees in defending the shipowner's suit for indemnification.

■ Plaintiffs also seek attorneys' fees incurred in bringing this action. They rely on ORS 736.325, which allows attorneys' fees to plaintiffs whose recovery in a suit against an insurer exceeds the insurer's tender prior to litigation. However, this section was not intended to cover actions brought by one insurance company as subrogee against another insurer. General Accident Fire and Life Assurance Corp., Ltd. v. Continental Casualty Company, 287 F.2d 464 (9th Cir. 1961).

■ Although plaintiffs have title to this action, the beneficiary of the recovery against Travelers will be the Lloyds Underwriters, who have financed this litigation, and otherwise would be liable. The Court concludes that this is an action between insurers in which attorneys' fees were not contemplated by ORS 736.325. General Accident, supra.

Plaintiffs are entitled to judgment in the sum of $13,925.40.

This memorandum will constitute Findings of Fact and Conclusions of Law as provided by Rule 52(a), Federal Rules of Civil Procedure. Plaintiff's counsel may prepare an appropriate form of judgment.

ORDER

Defendant's Motion for Reconsideration filed in the above cause is hereby Denied.