**FIREMAN'S FUND INSURANCE COM-
PANY, a corporation, Plaintiff,**

v.

**RELIANCE INSURANCE COMPANY,
a corporation, Defendant.**

**Civ. No. 67–553.**

United States District Court
D. Oregon.

July 10, 1968.

Lloyd W. Weisensee, Gray, Fredrickson & Heath, Portland, Or., for plaintiff.

Robert P. Jones, McMenamin, Blyth, Jones & Joseph, Portland, Or., for defendant.

## OPINION

KILKENNY, District Judge:

On October 6, 1965, an employee of Angell Bros., insured by plaintiff and defendant, was injured aboard the vessel EL TORO, while it was being operated in the Columbia River. Plaintiff paid the claim in the sum of $11,250.00, and now seeks reimbursement or contribution from the defendant.

Plaintiff insured the employer for injuries arising out of the operation of the boat EL TORO. Defendant's policy covered all personal injury liability claims, but the comprehensive provision included a restriction that coverage did not apply to injury claims by employees. The comprehensive policy also excluded liabilities sustained on watercraft if the accident occurred away from the premises owned by, rented to, or controlled by the named insured. Yet, an endorsement to the policy provides coverage for liability to any employee of the insured who is reported and declared under the Workmen's Compensation Laws of the States of Oregon and Washington, and who is injured in the course of his em-

ployment, but is not entitled to receive the benefits provided by the aforementioned law. The endorsement contains various exceptions to coverage, and then at the bottom of the page provides that "ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED."

■ Defendant argues that the injured employee does not fit the classification of employees covered by the Endorsement. It argues that the Endorsement contemplates a situation where an employee would be covered and initially would be under the Workmen's Compensation Law, but for some reason would not be entitled to the benefits. As the employee was working as a seaman and as seamen are not covered under the Compensation Laws, his injuries were not covered by the policy. Be that as it may, the policy does provide coverage of any employee reported and declared under the Workmen's Compensation Law, but not entitled to receive benefits. Angell did pay sums into the Workmen's Compensation Fund to cover this employee and these sums were computed by defendant in determining its premiums. This, it would appear, is precisely what the policy was intended to cover. Clearly, the purpose of the Endorsement was to protect the employer from liability in the event that it was found that some of his employees were not entitled to the benefits of the Act. Defendant's interpretation would, in effect, nullify the Endorsement.

■ Insurance policies must be interpreted in the light of the common understanding of the parties. Policy endorsements become part of an insurance contract and must be construed with it. Moreover, under ordinary circumstances, where a conflict exists between the provisions of the policy and the provisions of the endorsement, the provisions of the latter must control. Close-Smith v. Conley, 230 F.Supp. 411 (D.Or.1964). It is presumed that each clause of the main policy, and of the endorsements was inserted to accomplish some specific purpose. It is not proper to assume that a clause is without meaning. I-L Logging Co. v. Manufacturers & Wholesalers Indemnity Exchange, 202 Or. 277, 317, 318, 273 P.2d 212, 275 P.2d 226 (1954).

■ Next, defendant argues that Exclusion (d) of the General Policy precludes liability. This exclusion expressly states that all terms of the policy are in effect and excludes liability for injuries incurred on watercraft while away from the employer's premises. Again, I invoke the rules stated in *Close-Smith*, supra, that all terms of the policy, including endorsements, are to be given effect and, where possible, must be construed as consistent with each other. The policy lists all of the premises owned by Angell Bros. and specifically names a number of boats. The EL TORO is not included. However, we must keep in mind that the Endorsement does not exclude Subsection (d), while additional endorsements replace Exclusion (*l*) and another endorsement specifically deletes Exclusions (*l*) and (m). Another endorsement states, "it is agreed that exclusion (d) part (1) shall not apply to dredges owned, operated or maintained by the named insured." No one contends that the EL TORO was a dredge. In this Pandora's Box of exclusions, inclusions and endorsements, the rule of construction *inclusio unius est exclusio alterius* cries for recognition. An intelligent application of the rule destroys defendant's position.

Moreover, the general policy provides that Exclusion (d) applies to *watercraft*, automobiles and aircraft. The endorsement specifically excludes aircraft. Why should aircraft be eliminated and no reference made to watercraft or automobiles unless there was an intention to cover the latter. Of no particular significance, but worthy of note, is the fact that premiums were computed and collected on all maritime employees. Defendant's argument that this was done because of an accounting problem is without merit. If these operations were to be excluded, the parties could have agreed on an approximate percentage to

cover the period when the employees were not covered by the policy.

Finally, defendant contends that the reason the EL TORO was not included on the schedule was that it was already insured under another policy. Obviously, the schedule was intended to disclose the hazards known to exist on the effective date of the policy. There was nothing in the instructions which required the parties to specify that all *watercraft* be included, although the schedule did mention two of the boats.

Considering the policy, the endorsements and the exclusions as a whole, I can arrive at no conclusion other than that Coverage (B) of the general policy insured against bodily injury, sickness or disease, including death, which the insured would become legally obligated to pay. Exclusion (d) applied to this particular coverage. Employees are expressly excluded from Coverage (B) by Exclusion (h). The employer's Contingent Liability Endorsement was obviously intended to cover liability to employees not covered by Workmen's Compensation. Here, we have an entirely new and distinct exposure which contains its own list of exclusions. The latter in no way change the exclusions under Coverage (B), nor do the exclusions listed under (B) change the Endorsement. The employer's Contingent Liability Endorsement excludes liability to employees who might have sustained injuries on aircraft, etc., *but not on watercraft*. Under any reasonable interpretation of defendant's policy and its endorsements, including exclusions, I must find in favor of the plaintiff.

Inasmuch as liability has been placed on the defendant, I am now faced with plaintiff's contention that defendant is liable for the full sum of the settlement. The reasonableness of the settlement is not challenged. The controlling language of plaintiff's policy reads:

"Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Company, under this policy, there shall be no contribution by the Company on the basis of double insurance or otherwise."

The counterpart of defendant's policy reads:

"Other Insurance: If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

■ Of particular significance is the fact that the defendant's policy provides for a pro-ration, while the language of plaintiff's policy would permit it to escape liability because of the existence of defendant's policy. It is clear to me that the provisions of the policies, in this respect, are repugnant. In this atmosphere, the Court should equitably pro-rate the liability in accordance with the respective limits of the policies. Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959), Liberty Mutual Ins. Co. v. Truck Ins. Exchange, 245 Or. 30, 420 P.2d 66 (1966).

Although Zidell v. Travelers Indemnity Co., 264 F.Supp. 496 (D.Or.1967), would seem to support defendant's position, the language of the decision must be limited to the "escape clause" and the "excess clause", there under consideration. Moreover, the Oregon Supreme Court in the recent case of Sparling v. Allstate Ins. Co., 86 Adv.Shts. 531, 439 P.2d 616 (1968), weakened, if it did not overrule, the decision in *Zidell*.

The liability should be pro-rated in accordance with the respective liability limits in the policies.

This opinion shall serve as my findings and conclusions. Counsel for plaintiff shall prepare, serve and submit a judgment in concert herewith.

It is so ordered.