240 So.2d 525 (1970)
The HOME INSURANCE COMPANY, Appellant,
v.
SOUTHPORT TERMINALS, INC., Appellee.
Nos. 69-724, 69-646, 69-642, 70-471, 70-470.
District Court of Appeal of Florida, Second District.
October 14, 1970.
Rehearing denied November 24, 1970.
Gary M. Witters, of Allen, Dell, Frank & Trinkle, Tampa, for appellant.
William F. McGowan, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee.
MANN, Judge.
Since 1956 stevedores have been liable to indemnify shipowners sued by the stevedore's employees injured on the job. Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. Thus Ryan gives the injured employee a way around the limitations of the Longshoremen and Harbor Workers Compensation Act, which may be bad law, but we are not the Supreme Court. The risk is one which might well prompt a prudent stevedoring firm to purchase a comprehensive general liability policy, which Southport did.
The policy does not protect Southport against "liability assumed by the insured under any contract or agreement except" certain common but irrelevant hold-harmless agreements. What this means is debatable. It is at least arguable that it means that the insurance company is not liable to an insured which gratuitously undertakes to act as surety or which undertakes contractual obligations not arising as a matter of law in the conduct of its business. The cases holding that the exclusion does not apply are numerous and soundly reasoned. United States Fidelity & Guaranty Co. v. Virginia Engineering Co., 4 Cir.1954, 213 F.2d 109 (in a non-maritime context); Indemnity Insurance Co. of North America v. California Stevedore and Ballast Co., 9 Cir.1962, 307 F.2d 513; Zidell v. Travelers Indemnity Co., D.C. 1967, 264 F. Supp. 496; Annotation, 63 A.L.R.2d 1122.
As Judge Maxwell said in Owens v. Reederi Richard Schroder, Case No. 165945, Circuit Court for Hillsborough County, "Southport Terminals' liability to the shipowners in this case is not founded upon either a written or oral hold harmless agreement but arises by virtue of Southport's *526 alleged breach of its warranty of workmanlike performance of its stevedoring services."
If an insurer does not intend to protect an insured stevedore against one of the major risks of its business it should say so in plain language at the time the policy is issued, not after a claim has arisen. Ambiguity is resolved against the insurer. This is simply, as then Judge Blackmun put it, "an accepted principle of insurance law and a fact of insurance life." Great Central Insurance Co. v. Marble, 8 Cir.1966, 369 F.2d 615, 617.
Affirmed.
LILES, Acting C.J., and McNULTY, J., concur.