GLICKSTEIN, Judge.
Third party defendant Lumbermens Mutual Casualty Company appeals a final judgment of the Broward County Circuit Court holding Lumbermens to be the primary insurer of appellee Joseph Morgan, who was being sued in wrongful death resulting from a vehicular accident. We affirm.
Dora Karlif, as personal representative of the estate of Lois Unger, filed a suit against Joseph Morgan, Dudley Murray, Austin Tupler Trucking, Inc., Gold Coast, Inc. and South Florida Rock, Inc. Lois Unger had died as the result of an automobile accident involving Joseph Morgan while he was hauling material in his own truck pursuant to his Gold Coast, Inc. contract. Morgan’s insurer, Protective Insurance Company, filed a complaint for declar *1284 atory decree, seeking a declaration that Lumbermens should furnish primary coverage to Morgan, either equally pro rata with Protective or, in the alternative, singularly. Lumbermens denied having any such obligation.
The first issue requires us to determine whether there was substantial competent evidence to conclude the Morgan truck was, insofar as Gold Coast was concerned, a “hired vehicle.” The trial court’s final judgment fails to state whether the truck was hired, leased or borrowed. We find the combination of documentary and oral testimony in the record supports the conclusion that within the language of the Lumbermens’ policy the vehicle was a hired vehicle. The fact that Morgan also owned it did not preclude his using it with Gold Coast’s permission. His testimony was that if he did not haul for Gold Coast he could not haul for another without breaching his contract. That evidence was admitted without objection on direct examination; and on recross, again without objection, he testified that he could not take the Gold Coast sign from his truck and haul for someone else if Gold Coast had no loads for him. The so-called non-coercion appendage to the contract that Lumbermens’ appropriately argues to support its position that Morgan was an independent contractor, recites:
“I, JOSEPH MORGAN, am leasing myself and my truck to GOLD COAST, INC., a union company, Teamsters Local 769, and I am doing this on my own free will.”
Having concluded as we do, we then reviewed Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla.1985). Here, as in Allstate, Protective’s policy had an “other insurance” clause, stating that Protective’s coverage was excess over any other valid and collectible insurance. The court said in Allstate:
This Court has traditionally recognized the freedom of parties to contract and the right to enforce the contract in accordance with the language therein. Therefore, we emphasize the narrow range of situations in which a court may disregard specific language contained in an insurance policy. An “other insurance” clause in an insurance policy will only be disregarded if the insurer of the vicariously liable party is also entitled to indemnity. A right of indemnity does not exist if the insurer of the vicariously liable party insures the actively negligent as an additional insured because an insurance company cannot sue its own insured for indemnity. Marina Del Americana, Inc. v. Miller, 330 So.2d 164 (Fla. 4th DCA 1976). Further, the insurer of the vicariously liable party is not entitled to indemnity if the vicariously liable party is a joint tortfeasor because there can be no indemnity between joint tort-feasors. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 493 (Fla.1979). Thus, an “other insurance” clause in an insurance policy will only be disregarded if two conditions exist. First, the insurance policy issued to the vicariously liable party must not cover the active tort-feasor as an additional insured. Second, the vicariously liable party must not be a joint tortfeasor.
Id. at 1290. Because Morgan was an additional insured under Lumbermens’ policy, there can be no indemnity of Lumbermens from Morgan, the active tortfeasor; therefore the “other insurance” clause in the Protective policy cannot be disregarded.
LETTS and STONE, JJ., concur.