**SOSENE ASIFOA and MOLI ASIFOA, Plaintiffs**

**v.**

**NATIONAL PACIFIC INSURANCE CO., LTD., Defendant**

High Court of American Samoa
Trail Division

CA No. 60-92

June 23, 1994

Before RICHMOND, Associate Justice, and BETHAM, Associate Judge.

Counsel:　　　For Plaintiffs, Gata E. Gurr
　　　　　　　For Defendant, Roy J.D. Hall, Jr.

Order Denying Motion for Reconsideration or New Trial:

This dispute centers on insurance policy number XCF001/70019414 ("the policy") issued to Sosene and Moli Asifoa ("the Asifoas") for a consideration of $475.00 by National Pacific Insurance Co. Ltd. ("NPI") in March, 1991. While the parties have settled on the amount due from NPI as regards damage to the building sustained from Hurricane Val in 1991, there remains a dispute as to the actual coverage of the aforesaid policy. In opposing motions for summary judgment, the Asifoas maintained the policy insured the Asifoas building <u>and</u> contents, and NPI contended that no coverage for the <u>contents</u> of the insured structure was obtained.

In an order issued on April 25, 1994, this court denied NPI's motion for summary judgment and granted the Asifoas' cross-motion. Finding a conflict between the body of the contract and the endorsement, the court held that the endorsement prevailed. This resolved any ambiguities, and the court was able to decide the issue as a matter of law.

99

Subsequently, NPI submitted a motion for reconsideration or new trial. The motion came regularly for hearing on June 13, 1994. Both parties were represented by counsel.

NPI contends the court erred in finding a conflict between the wording in the body of the contract and the wording in the endorsement. It is NPI's position that the purpose of the endorsement was merely to set forth the various perils that the contract covered. NPI asserts that the body of the contract should have prevailed, and that if the dispute was resolved as a matter of law, it should have been in favor of NPI.

 We are unable to agree with NPI's position on this matter. As stated in our order on the summary judgment motions, the policy at issue is to be read from the viewpoint of a layperson. *State Farm Mutual Automobile Ins. Co. v. O'Brien*, 535 P.2d 46, 48 (Ct. App. Ariz. 1975). This policy, so read, reveals a conflict between the endorsement and the body of the policy. A resolution of this conflict, properly in favor of the endorsement, leaves no ambiguity. *See B.L. Ivey Construction Co. v. Pilot Fire and Casualty Co.*, 295 F. Supp. 840, 848 (N.D. Ga. 1968); *Fireman's Fund Insurance Co. v. Reliance Insurance Co.*, 291 F. Supp. 618, 620 (D. Or. 1968). The policy is then properly construed, as a matter of law, in favor of the Asifoas.

 Contrary to NPI's assertions, we cannot inquire into the intent of either party unless the policy is ambiguous. *See Kline v. The Kemper Group*, 826 F. Supp. 123, 127 (M.D. Pa. 1993); *Kinnon v. Universal Underwriters Ins. Co.*, 418 So.2d 887, 888 (Ala. 1982). In this case, it is not. For the reasons given, NPI's motion for reconsideration or new trial is denied.

It is so ordered.