330 So.2d 164 (1976)
MARINA DEL AMERICANA, INC., and Aetna Insurance Company, Appellants,
v.
Dawn Susan MILLER, etc., et al., Appellees.
No. 75-312.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Rehearing Denied May 5, 1976.
*165 Nancy Little Hoffmann, of Druck, Grimmett, Norman & Weaver, Fort Lauderdale, for appellants.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellees-Leo Goodwin, Jr. and Employers Commercial Union.
OWEN, Judge.
Appellants, Marina Del Americana, Inc., and its insurer, Aetna Insurance Company, appeal from an adverse final judgment on their cross-claim for indemnification against appellees, Leo Goodwin, Jr., and his insurer, Employers Commercial Union Insurance Company.
All of the above-named parties were originally defendants in a wrongful death action which resulted in a $200,000 judgment against them. The wrongful death was caused by the negligence of Leo Goodwin, Jr. while operating a boat owned by his employer, Marina Del Americana, Inc., in the course and scope of his employment. At the pleading stage, the employer, Marina Del Americana, Inc., and its insurer, Aetna Insurance Company, had cross-claimed for indemnification against the employee, Leo Goodwin, Jr., and his homeowner's insurer, Employers Commercial Union Insurance Company. It is the trial of this cross-claim, tried separately from the main action, which resulted in the judgment here appealed.
The sole issue before this court is whether Aetna's policy, issued to Marina as the named insured and covering the accident, also insured Goodwin. If Goodwin was an insured under that policy, Aetna is barred from seeking indemnification from him. Ray v. Earl, 277 So.2d 73 (2nd D.C.A. Fla. 1973); Smith v. Ryan, 142 So.2d 139 (2nd D.C.A. Fla. 1962). The trial court by denying the claim for indemnification apparently determined that Goodwin was insured by Aetna. We disagree.
Marina purchased two policies from Aetna. The first, designated "Special Multi-Peril Policy," did not cover, but, in fact, specifically excluded, the type of liability involved in the instant suit. Under the express terms of that policy (a section defining "Persons Insured"), there is no question but that Leo Goodwin, Jr. was an "insured." Marina's second Aetna policy, designated *166 "Scheduled Property Floater Policy," did cover the accident in question; however, that policy, unlike the first, contained no clause specifically defining "Persons Insured," nor did it contain any clause broadening its coverage to include persons other than the named insured, stated therein to be "Marina Del Americana, Inc." Appellees urge that these two policies evidence only one agreement and that therefore they must be construed in pari materia, with the consequence that the first policy's broader definition of "the insured" (which included Goodwin) be held applicable to the second. They further argue that, at the least, an ambiguity exists as to the meaning of "the insured" under the second policy, and that such ambiguity must be construed against the insurer, New Amsterdam Casualty Company v. Knowles, 95 So.2d 413 (Fla. 1957); Home Insurance Company v. Southport Terminals, Inc., 240 So.2d 525 (2nd D.C.A. Fla. 1970).
We find no basis for holding that these two policies should be construed together. To the contrary, every indication is that each policy represents a separate and distinct agreement and must be construed in and of itself. The first and perhaps most important fact that compels us to this conclusion is that neither policy makes any reference whatsoever to the other. Moreover, the policies were entered into at different times, each bears its own separate policy number without cross-reference on either policy to the number of the other, and, each policy covers different risks. Nor do we find any ambiguity in the second ("Scheduled Property Floater") policy concerning the meaning of the term "the insured." That policy clearly reflects that "the insured" is "the above-named insured," i.e., Marina Del Americana, Inc.
The trial court therefore erred in finding that Goodwin was an insured under the relevant Aetna policy and that Aetna was thereby precluded from bringing this indemnity action.
The trial court's judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
DOWNEY, J., and DRIVER, B.J., Associate Judge, concur.