473 So.2d 683 (1984)
CHICAGO INSURANCE COMPANY, Appellant,
v.
Veronique Soucy, Rowland Burgess, Her Husband, Nancy G. Moisan, Yvon Moisan, Her Husband, Lacavalla Enterprises, Inc., et al., Appellees.
No. 83-2016.
District Court of Appeal of Florida, Fourth District.
November 28, 1984.
*684 Richard S. Womble of Fertig, Curtis & Wakefield, P.A., Fort Lauderdale, for appellant.
Gary A. Esler of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellee-Metropolitan Property and Liability Ins. Co.
ANSTEAD, Chief Judge.
This is an appeal challenging an order determining the order of responsibility for payment among multiple liability insurers of the defendants in a suit for personal injuries arising out of an automobile accident.
LaCavalla Enterprises owned a motor vehicle that was operated by a permissive user, Glenn Trueman. Trueman operated the vehicle in a negligent manner and collided with another vehicle in which Veronique Soucy, and Nancy and Yvon Moisan were traveling. Soucy and her husband, Rowland Burgess, filed suit for damages, as did Nancy and Yvon Moisan. The defendants were LaCavalla Enterprises, Trueman and three insurance companies. Travelers Insurance Company insured LaCavalla through a policy of primary liability insurance; Chicago Insurance Company insured LaCavalla through an excess insurance policy; and Metropolitan Property and Liability Insurance Company insured the permissive user, Trueman.
Travelers, as insurer of the owner, conceded that its coverage was primary to all others. The only dispute was between the two remaining insurers. In a summary judgment the trial court determined that the order of coverage was Travelers as primary insurer, Chicago as secondary insurer and Metropolitan as tertiary insurer. Subsequently, except for Yvon Moisan who voluntarily dismissed his claim, the parties all entered into settlement agreements. However, the parties agreed that Chicago could reserve its right to appeal the entry of summary judgment on the issue as to order of coverage. Some time later the trial court entered a dismissal and a final judgment against Travelers and Chicago pursuant to the settlement agreements. Chicago argues on appeal that the trial court should have found that the insurer of the negligent permissive user, Metropolitan, provides the second layer of coverage and that Metropolitan's limits should be exhausted before Chicago's excess policy, insuring the owner, who is only vicariously liable, comes into play. We agree and reverse.
In determining the priority of insurance coverage the lower court relied on Hartford Accident & Indemnity Co. v. Kellman, 375 So.2d 26 (Fla.3d DCA 1979), cert. denied, 385 So.2d 755 (Fla. 1980). In Hartford the trial court determined the priority of coverage of six separate insurance policies issued by four insurers. The court of appeal found that all insurance policies applying coverage in the same class of responsibility had to be exhausted before the *685 coverages provided by policies in another class of responsibility were reached. The decision does not explicitely define what "in the same class" means. However, presumably, this was a reference to owners, drivers, etc., considered as separate classes of insureds. In applying this rule to the case at bar the trial court determined that the primary insurer of the owner, Travelers, had primary responsibility to pay. This is not disputed. The trial court also found that Chicago, as excess insurer of the owner, was in the same class as Travelers, and thus Chicago was held responsible for the second level of coverage. Under the trial court's ruling all of the coverage in the owner's class of responsibility would have to be exhausted before reaching the class of the driver and his insurer, Metropolitan.
Under the common law one who is only technically or vicariously liable for damages to another is entitled to indemnity from the direct or active tort-feasor. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). This rule is predicated on notions of fairness that the one who actually causes the damages should be the one who actually has to pay. Similarly, it would seem that the insurer of one who is only vicariously liable would be entitled to indemnity from one who insures an active tort-feasor. In Allstate Ins. Co. v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984), the First District held that the proper method for assessing responsibility among insurers where the insureds are different entities should be predicated on the common law rule set out above. In Fowler, as here, the trial court had relied on Hartford v. Kellman, supra. Nevertheless the First District determined that the controlling principle should be that if the owner is only vicariously liable because of the dangerous instrumentality doctrine, then his insurer should be entitled to be subsequent in coverage to the insurer of the negligent driver. If, however, the owner of the vehicle was in any way negligent, then he would be a joint tort-feasor and his insurer would not be entitled to indemnity or favored status. We agree with this analysis by our sister court. Federal jurisdictions have also followed the common law rule of indemnity where one insurer insures an active tort-feasor and the other insures one who is only vicariously liable. Pacific Employers Ins. Co. v. Hartford Accident & Indemnity Co., 228 F.2d 365 (9th Cir.1955), cert. denied, 352 U.S. 826, 77 S.Ct. 38, 1 L.Ed.2d 49 (1956).
In the instant case, applying the analysis set out above, since the owner is only vicariously liable, his excess insurer, Chicago, should be entitled to indemnity from Trueman, the one who is actually at fault, and his insurer, Metropolitan. In other words, Chicago should not have to pay until Metropolitan's policy is exhausted.
Metropolitan also contends that because Chicago's policy incorporates all of the terms of the underlying Traveler's policy, including a provision making the tort-feasor an insured of Chicago's, that Chicago's claim of indemnity against its own insured should be barred. We cannot agree. Chicago's policy also expressly provides that, with the exception of the underlying policy, its coverage shall be excess to that of any other policy of insurance that the insured has secured to cover his liability. In this case the admitted negligent driver has secured just such a policy of insurance with Metropolitan, his primary insurer. Under those circumstances we think Chicago has preserved any rights to favored status or indemnity that it may have with relation to the tort-feasor's policy with Metropolitan.
Like the First District in Fowler, we acknowledge conflict with the Hartford decision and certify the following as a question of great public importance:
Is the insurer of a party who is only vicariously liable to a third party for damages entitled to indemnity from an insurer of the active tort-feasor in a case where the active tort-feasor's limits have not been exhausted in payment to the injured party?
*686 Accordingly, we reverse and remand this cause to the trial court for further proceedings consistent herewith.
HURLEY, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.