479 So.2d 114 (1985)
METROPOLITAN PROPERTY AND LIFE INSURANCE CO., et al., Petitioners,
v.
CHICAGO INSURANCE CO., Respondent.
No. 66263.
Supreme Court of Florida.
November 27, 1985.
*115 Gary A. Esler of Esler & Kirschbaum, Fort Lauderdale, for petitioners.
Frank R. Gramling of Fertig & Gramling, Fort Lauderdale, for respondent.
ADKINS, Justice.
We review the decision of the District Court of Appeal, Fourth District, in Chicago Insurance Co. v. Soucy, 473 So.2d 683 (Fla. 4th DCA 1984), which certified the following question to be of great public importance:
Is the insurer of a party who is only vicariously liable to a third party for damages entitled to indemnity from an insurer of the active tortfeasor in a case where the active tortfeasor's limits have not been exhausted in payment to the injured party?
Id. at 685.
We answer the question in the affirmative. However, for the reasons expressed below, we hold that neither party is entitled to indemnity in this instance.
The case below arose as a suit for damages as a result of personal injuries sustained in an automobile accident which occurred on November 29, 1981. Plaintiffs were the driver and two passengers in one of the vehicles. Glenn Trueman operated a vehicle owned by LaCavalla Enterprises in a negligent manner which was the direct and proximate cause of the injuries sustained by the plaintiffs. Five parties were named as defendants: Glenn Trueman, LaCavalla Enterprises, Travelers Insurance Company, Chicago Insurance Company and Metropolitan Property and Liability Insurance Company. Travelers issued a policy of primary liability to LaCavalla. Chicago insured LaCavalla through an excess insurance policy. This policy incorporated all of the terms of the Travelers policy and therefore covered all permissive users, including Trueman. Metropolitan issued a policy directly to Trueman.
Travelers, as the primary insurer of the owner, conceded that its coverage was primary to all others. This concession is in full accordance with our holding in Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985), in which we noted that the insurance policy issued to the owner of the vehicle in accordance with the financial responsibility laws of this state is first in priority.
Chicago and Metropolitan now dispute the order of priority among their two policies. This dispute must be resolved in accordance with the principles enunciated in Fowler.
In Fowler, we held that an insurer of a party who is only vicariously liable is entitled to follow the insurer of the actively negligent party regardless of policy language. However, this rule only applies when the insurer of the vicariously party is entitled to indemnity. The insurer of the vicariously liable party is not entitled to indemnity when its insured is a joint tort-feasor. This is based upon the premise that there can be no indemnity between *116 joint tortfeasors. Fowler, at 1290, citing Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). Further, the insurer of a vicariously liable party is not entitled to indemnity when its policy covers the active tortfeasor as an additional insured. This is based upon the premise that an insurance company cannot sue its own insured for indemnity. Fowler, at 1290, citing Marina Del Americana, Inc., v. Miller, 330 So.2d 164 (Fla. 4th DCA 1976).
The district court held that Metropolitan's policy limits must be exhausted before Chicago's policy can be reached. The district court reached the correct result but erred in its reasoning. The court held in favor of Chicago because Chicago is entitled to indemnity from Metropolitan. However, Chicago is not entitled to indemnity from Metropolitan because Chicago's policy covers the active tortfeasor, Trueman, as an additional insured. As noted earlier, we will not allow an insurance company [Chicago] to sue its own insured [Trueman] for indemnity.
Policy language will control all situations in which the right to indemnity does not lie. Thus, we must now examine the policy language. Chicago's policy provides that its coverage shall be excess to that of any other insurance policy issued to the insured. Metropolitan issued a primary insurance policy to Trueman. These provisions mesh perfectly to require that the policy issued by Metropolitan be exhausted before the policy issued by Chicago can be reached.
The district court awarded Chicago attorneys' fees based upon common law indemnity. As we noted earlier, Chicago is not entitled to indemnity from Metropolitan. Therefore, we overturn the award of attorneys' fees.
Accordingly, we approve the district court's decision determining the order in which the insurance proceeds must be paid and quash the award of attorneys' fees and remand the case for further proceedings in accordance with this decision.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.