480 So.2d 1287 (1985)
ALLSTATE INSURANCE CO., Petitioner,
v.
Allen L. FOWLER, et. al, Respondents.
No. 65986.
Supreme Court of Florida.
November 27, 1985.
Rehearing Denied January 30, 1986.
*1288 John M. McNatt, Jr., P.A. and Jerry J. Waxman of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for petitioner.
William S. Burns, Jr. of Marks, Gray, Conroy & Gibbs, Jacksonville, for respondents.
ADKINS, Justice.
We have for review Allstate Insurance Co. v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984), in which the First District Court of Appeal certified a question as being one of great public importance. We have jurisdiction. Art. V, § 3(b)(4) Fla. Const.
In April of 1982, Allen Fowler was struck, while riding his motorcycle, by a vehicle operated by Kendra Morrison and leased from Enterprise Leasing Company. Fowler brought an action for his personal injuries. Allstate Insurance Company, Morrison's insurer, brought a declaratory judgment action to determine priority of coverages.
There were initially three insurance policies at issue. The first was a business automobile policy issued by Travelers Insurance Company to Enterprise with a policy limit of $10,000. The trial court found that this policy must provide the first layer of coverage. This finding is not appealed. A bona fide dispute exists as to the priority of the two remaining policies.
Travelers Insurance Company issued an excess liability insurance policy to Enterprise Leasing with a limit of $500,000. This policy did not contain an "other insurance" clause. In other words, this policy *1289 did not contain a provision claiming that it was to be excess over all other collectible insurance. However, Travelers excess insurance policy only covers Enterprise Leasing Company and its officers and directors. This policy does not cover Kendra Morrison. Thus, Travelers asserts that Allstate must provide the second layer of coverage since Travelers' insured, Enterprise Leasing, is only vicariously liable under Florida's dangerous instrumentality doctrine. The dangerous instrumentality doctrine is explained in Chase and Company of Benefield, 64 So.2d 922, 924 (Fla. 1953):
[T]he owner of an automobile is charged with knowledge that it is a dangerous instrumentality.... Under the laws of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts.
Further, it is well established that the owner of a car [who is liable only vicariously to a third person because of an automobile accident] is entitled to recover from the driver of the vehicle who was the actual tortfeasor. Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla. 3d DCA 1964).
Allstate Insurance Company issued an automobile insurance policy to the parents of Kendra Morrison with a limit of $250,000. In contrast to the Travelers excess policy, the Allstate policy specifically covers Kendra Morrison. In further contrast to the Travelers policy, the Allstate policy contains a specific provision governing the relation of its policy to other insurance. The policy provides:
If a person insured is using a substitute private passenger auto or non-owned auto, our liability insurance will be excess over other collectible insurance.
Thus, Allstate claims that its "other insurance" clause requires the Court to find that its coverage is secondary to Travelers.
The trial court granted a summary judgment to Travelers. The court found that since fault attracts primary responsibility, Allstate, the driver's insurer, must provide the second layer of coverage. Allstate appealed the granting of the final summary judgment. In its decision, the First District Court of Appeal stated that the controlling principle in this action is that if Enterprise is vicariously liable to Fowler, its insurer is entitled to be subsequent in coverage regardless of policy language. However, the district court noted that if Enterprise is in any way negligent, it would be a joint tortfeasor in the same class as Morrison and policy terms would control. The court went on to state that since there was no finding regarding the nature of Enterprise's liability, the summary judgment entered in favor of Travelers was erroneous. The court ordered the case remanded for pleadings and proof on the issue of whether Enterprise's liability to Fowler was solely vicarious. In so holding, the district court certified the following question as one of great public importance:
Is the controlling law of Florida that if a party is only vicariously liable by way of the dangerous instrumentality doctrine, its insurer is entitled to follow that of the negligent driver regardless of policy language?
455 So.2d at 508. We rephrase the question as follows:
Is the controlling law of Florida that if a party is only vicariously liable and entitled to indemnity, its insurer is entitled to follow that of the negligent driver regardless of policy language?
We answer this question in the affirmative and approve of the result reached by the district court.
If the negligent driver is also the owner of the motor vehicle involved in the accident, the insurer of the tortfeasor/owner is primarily liable for damages caused by its insured. If the tortfeasor/owner carries more than one insurance policy, the language contained in the applicable policies will control the order of liability.
If the active tortfeasor does not own the vehicle that he was negligently operating, the first layer of coverage must come from the insurer of the owner of the vehicle, the only exception being when a lease situation exists and the lessor has *1290 properly shifted the burden of primary insurance coverage to the lessee pursuant to section 627.7263, Florida Statutes (1981). This result is mandated by the financial responsibility laws of this state as outlined in sections 324.151(1)(a) and 324.021(7), Florida Statutes (1981). These statutes require that an owner of a motor vehicle in the state of Florida establish proof of ability to respond to damages to the extent of $10,000 per person for one accident and that any liability policy issued to an owner of a motor vehicle provide a minimum of $10,000 as above described. Thus, the primary insurer of the owner of the motor vehicle is primarily responsible for damages required by the financial responsibility law. Further, this liability for primary coverage cannot be avoided by a private contract. Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla. 1972).
Therefore, we agree with all of the parties involved that the $10,000 business automobile policy issued by Travelers to Enterprise must provide the first layer of coverage.
As far as the second layer of coverage is concerned, we hold that an insurer of a party who is only vicariously liable and entitled to indemnity is entitled to follow the insurer of the actively negligent party despite the fact that the insurance policy issued to the active tortfeasor contains an "other insurance" clause. By so holding, we follow the approach of other jurisdictions in finding that where an insurer provides extended coverage to a party who is only vicariously liable, that insurer's liability is subsequent to an insurer who provides insurance to a party who is primarily liable. Pacific Employers Insurance Co. v. Hartford Accident and Indemnity Co., 228 F.2d 365, 371 (9th Cir.), cert. denied, 352 U.S. 826, 77 S.Ct. 38, 1 L.Ed.2d 49 (1956); Dairyland Insurance Co. v. Concrete Products Co., 203 N.W.2d 558, 564-65 (Iowa 1973).
This Court has traditionally recognized the freedom of parties to contract and the right to enforce the contract in accordance with the language therein. Therefore, we emphasize the narrow range of situations in which a court may disregard specific language contained in an insurance policy. An "other insurance" clause in an insurance policy will only be disregarded if the insurer of the vicariously liable party is also entitled to indemnity. A right of indemnity does not exist if the insurer of the vicariously liable party insures the actively negligent as an additional insured because an insurance company cannot sue its own insured for indemnity. Marina Del Americana, Inc. v. Miller, 330 So.2d 164 (Fla. 4th DCA 1976). Further, the insurer of the vicariously liable party is not entitled to indemnity if the vicariously liable party is a joint tortfeasor because there can be no indemnity between joint tortfeasors. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 493 (Fla. 1979). Thus, an "other insurance" clause in an insurance policy will only be disregarded if two conditions exist. First, the insurance policy issued to the vicariously liable party must not cover the active tortfeasor as an additional insured. Second, the vicariously liable party must not be a joint tortfeasor.
The first condition required for avoidance of an "other insurance" clause is present in this case. Travelers excess insurance policy issued to Enterprise does not cover the active tortfeasor, Kendra Morrison.
It is unclear whether the second condition required for the avoidance of an "other insurance" clause is present. Neither party raised the issue of whether Enterprise Leasing was negligent by leasing its automobile to Kendra Morrison, thus making Enterprise a joint tortfeasor. This is a question of fact which precludes the granting of summary judgment in this case.
Therefore, we approve of the action of the district court and reverse the summary judgment entered in favor of Travelers and remand to the trial court for a determination of whether Enterprise was negligent and thus a joint tortfeasor.
Allstate asserts that the First District Court of Appeal failed to follow our holding in Insurance Company of North *1291 America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla. 1977). However, the issues involved in INA are far different than those that are currently before this Court.
INA involved an accident between a leased vehicle and another automobile. The driver of the leased vehicle was at fault. Additionally, the negligent driver was an employee of the lessee. Three insurance policies were at issue. One policy was a primary policy issued to the owner of the vehicle. Another policy was issued to the lessee of the vehicle. The last policy was an excess policy issued to the owner of the vehicle. The issue before the Court was whether the excess insurer of the owner could bring a suit for indemnification against the negligent driver or the lessee of the car, or their carriers, for the money it was forced to pay after the policy issued to the lessor had been exhausted. We held that it may. Clearly, the issues before us in INA and the present case are divergent.
Although INA involved different issues than those before the Court today, a close look at the final determination of priorities among the various insurance policies in INA reveals that the final result in INA is in full accordance with the principles of law enunciated today.
In INA, we held that the first layer of insurance coverage must be provided by the policy issued to the owner of the vehicle as required by the financial responsibility law. This is in full accordance with our decision today. A dispute arose as to the priority of the second and third insurance policies. We held that the policy issued to the employer-lessee must be exhausted before the excess policy issued to the owner of the vehicle could be reached. A close look at the record indicates that the policy issued to the employer covered all employees as additional insureds. On the other hand, the excess policy issued to the owner of the vehicle only covered the owner of the vehicle. Thus, the policy issued to the employer covered the active tortfeasor whereas the policy issued to the owner covered only a vicariously liable party. Therefore, the employer's policy is analogous to the policy issued by Allstate and the owner's policy is analogous to the excess policy issued by Travelers. Hence, we reach the same result today as we did earlier in INA.
Accordingly, the decision of the First District Court of Appeal is approved and this cause is remanded with instruction to remand same to the trial court for pleadings and proof on the issue of whether Enterprise's liability to Fowler is solely vicarious.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.