484 So.2d 630 (1986)
QUINLAN RENTAL & LEASING, INC., and Southeastern Fidelity Insurance Co., Appellants,
v.
Sheila Mae LINNEL, Individually, and Sheila Mae Linnel, f/u/b/o Classified Insurance Company, and Allstate Insurance Company, Appellees.
No. 85-1016.
District Court of Appeal of Florida, Second District.
March 5, 1986.
*631 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellants.
George A. Vaka and Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee Allstate Insurance Co.
A.H. Lane and Donald G. Jacobsen of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellees Sheila Mae Linnel and Classified Ins. Co.
SCHOONOVER, Judge.
This appeal challenges a declaratory judgment determining priority of coverage among three liability insurers. We affirm in part and reverse in part.
On March 1, 1978, appellee, Sheila Mae Linnel, was involved in an automobile accident in Polk County, Florida, while operating an automobile owned by appellant, Quinlan Rental & Leasing, Inc., and leased to Thomas Kent Jones. Linnel was operating the vehicle with Jones' consent. Quinlan, the owner/lessor, was insured by appellant, Southeastern Fidelity Insurance Company, and Jones, the lessee, was insured by appellee, Allstate Insurance Company. Linnel, the driver, was insured by appellee, Classified Insurance Corporation, as an additional insured under her father's policy. She was also insured by Allstate as an additional insured and by Southeastern as a permissive user.
All of the policies had "other insurance" clauses providing for "excess" coverage. Pursuant to these clauses, the companies were only liable for the amount of loss or damage in excess of all other collectible insurance.
After the incident, Linnel, individually and for the benefit of Classified Insurance Company, filed a complaint alleging that claims had been filed against her because of the accident. She sought a declaratory judgment construing, in connection with the claims, her rights and the obligations of the owner, the lessee, and their insurance companies. The trial court entered a summary judgment finding that Southeastern, the owner's insurance company, was the primary carrier, with responsibility to defend any action brought against the driver and to pay any damages up to $500,000 per person. The court found that the driver's carrier, Classified Insurance Company, was responsible for the next $100,000 worth of damages to any one person, and that Allstate Insurance was responsible for the last $100,000 of coverage per person.[1] The *632 owner and its insurance company timely filed a notice of appeal.[2]
Because the driver, the active tortfeasor in this case, did not own the motor vehicle, the trial court correctly determined that the first layer of insurance coverage must come from Southeastern. Where the active tortfeasor does not own the motor vehicle, the first layer of coverage must be provided by the insurer of the owner of the vehicle. Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985). The only exception to this rule is when a lease situation exists and the lessor, pursuant to section 627.7263, Florida Statutes (1977), has properly shifted the burden of primary insurance coverage to the lessee. Fowler. In this case, the owner/lessor and its insurer, Southeastern, concede that the lease agreement did not comply with section 627.7263 and that Southeastern must therefore provide the first layer of coverage. This responsibility is limited, however, to $10,000 per person, the amount required by the financial responsibility law. § 627.7263; Fowler; Metropolitan Property & Life Insurance Co. v. Chicago Insurance Co., 479 So.2d 114 (Fla. 1985); Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982). Although the trial court was correct in ruling that the first layer of coverage was the responsibility of Southeastern, it erred in determining that Southeastern was primary up to $500,000.
We reject the argument of the owner and Southeastern that because they are only vicariously liable for the driver's negligence, Classified and/or Allstate should provide the second layer of coverage regardless of policy language. It is true that where a party is only vicariously liable and entitled to indemnity, its insurer is entitled to follow the insurer of the actively negligent party, even if the active tortfeasor's insurance policy contains an "other insurance" clause. Fowler. This is because where an insurer provides extended coverage to a party who is only vicariously liable, the insurer's liability is subsequent to an insurer who provides insurance to the party who is primarily liable. Fowler. An "other insurance" clause will be disregarded, however, where the insurer of the vicariously liable party is also entitled to indemnity. Because an insurance company cannot sue its own insured for indemnity, the right of indemnity does not exist where the insurer of the vicariously liable party also insures the actively negligent party as an additional insured. Fowler; Marina del Americana, Inc. v. Miller, 330 So.2d 164 (Fla. 4th DCA 1976). In this case, Southeastern, insurer of the vicariously liable party, also provided insurance for the driver, the actively negligent party, as a permissive user. Southeastern, therefore, was not, as a matter of law, entitled to follow Allstate and Classified, who insured the driver as an additional insured.
Section 324.151(1)(a), Florida Statutes (1977), requires an owner's liability insurance policy to insure, not only the owner of a motor vehicle, but any other person operating the motor vehicle with the express or implied permission of the owner. Although this statute arguably prohibits an owner's insurance company from ever being entitled to follow the insurer of the actively negligent party, the supreme court, in Maryland Casualty Co. v. Reliance Insurance Co., 478 So.2d 1068 (Fla. 1985), has upheld the right of an insurance company to avoid this responsibility with an "escape" clause. The policy in Maryland Casualty Co. stated that it would cover a person operating a car with permission, but only where no other valid and collectible insurance was available, either on a primary or excess basis, to such person. The court gave effect to this "escape" clause and found that the policy did not cover the active tortfeasor.
*633 Because Southeastern's policy did not contain an "escape" clause, and it insured the driver as a permissive user, its liability, as a matter of law, is not subsequent to coverage provided to the driver by Allstate and Classified. We must, therefore, look to the three policies, all containing "excess" other insurance clauses, to determine the second layer of coverage. Because all of the policies contain an excess clause, we construe them to provide for a pro-rata division of loss among the insurers. Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., 374 F.2d 601 (5th Cir.1967); see also, World Rent-A-Car, Inc. v. Stauffer, 306 So.2d 131 (Fla. 2d DCA), cert. denied, 321 So.2d 557 (Fla. 1975).
We, accordingly, reverse and remand with instructions to assign the first layer of coverage to Southeastern, up to $10,000 per person, and to provide for a pro-rata division of loss among the insurers for the second layer of coverage.
Affirmed in part and reversed in part.
RYDER, C.J., and FRANK J., concur.
NOTES
[1] Southeastern's policy provided bodily injury coverage in the amount of $500,000 per person and $500,000 per occurrence. The Allstate and Classified policies both provided coverage in the amount of $100,000 per person and $300,000 per occurrence.
[2] The driver, individually and for the benefit of Classified Insurance Company, cross-appealed. Subsequently, she and Classified stipulated with Allstate that regardless of how this court determined the priority of the Southeastern policy, Classified and Allstate would pro-rate on the basis of the policy limits in relation to the loss. Pursuant to this stipulation, the cross-appeal was dismissed.