ORFINGER, Judge.
The issue raised on this appeal is the correctness of the trial court’s order holding that the insurer for the lessor of a vehicle was responsible for primary coverage on that vehicle to the full extent of its coverage. The vehicle in question was involved in an accident while being operated by the lessee’s employee.
When the leased vehicle was brought back for repairs, the lessor supplied a substitute vehicle and the parties entered into a separate, written agreement covering the substitute vehicle. While driving the substitute vehicle the lessee’s employee was involved in the accident in question, and the trial court correctly held that the written lease agreement for the substitute vehicle determined the obligations of the parties with regard to insurance. We find no error in the court’s holding that the rental agreement did not, in form or content, satisfy the requirements of section 627.7263, Florida Statutes (1981) so as to shift responsibility for primary coverage from the lessor to the lessee. However, the trial court incorrectly held that the lessor’s insurer was primarily obligated to the full extent of its coverage. *554 Where the owner of a leased vehicle has not properly shifted the burden of primary insurance coverage to the lessee, the owner’s primary obligation is for the first $10,-000 of coverage. Allstate Insurance Company v. Fowler, 480 So.2d 1287 (Fla.1985); Maryland Casualty Company v. Reliance Insurance Company, 478 So.2d 1068 (Fla.1985).
Which of the two competing policies provides the next layer of coverage depends on the specific provisions of the policies. Allstate; Maryland Casualty Company; Metropolitan Property and Life Insurance Company v. Chicago Insurance Company, 479 So.2d 114 (Fla.1985).[1] The respective insurance policies are not in the record on appeal and the final judgment in this case does not indicate a ruling on this question by the trial court based on the policy language. Therefore, the judgment is reversed and the cause is remanded to the trial court for further proceedings in accordance herewith and with the cited supreme court cases, which were not available to the trial judge when the judgment appealed from was entered.
REVERSED and REMANDED.
COBB, C.J., and COWART, J., concur.

. See also Quinlan Rental & Leasing, Inc. v. Linnet, 484 So.2d 630 (Fla. 2d DCA 1986); Allstate Insurance Company of Canada v. Value Rent-a-Car of Florida, Inc., 463 So.2d 320 (Fla. 5th DCA 1985).