489 So.2d 136 (1986)
CANAL INSURANCE COMPANY, Appellant,
v.
CONTINENTAL CASUALTY COMPANY, Appellee.
No. 85-1062.
District Court of Appeal of Florida, Second District.
May 23, 1986.
Charles P. Schropp and Raymond T. Elligett, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
*137 Luis Prats of Blasingame, Forizs & Smiljanich, P.A., St. Petersburg, for appellee.
DANAHY, Judge.
Canal Insurance Company (Canal), challenges a summary judgment determining the order of responsibility for payments between Canal and Continental Casualty Company (Continental) arising out of a suit for personal injuries. We affirm in part and reverse in part.
Canal provided motor vehicle insurance coverage to Larry King Turner, the owner of a Mack truck. In December 1977 Turner leased the truck to A.G. Wimpy & Company (Wimpy). The lease agreement contained the following provision:
All maintenance, repair, license, tires, insurance, and safety equipment furnished by LESSOR.
The truck was operated under Wimpy's Public Service Commission (PSC) permit number.
In 1979, while the lease agreement was in force, the truck was involved in an accident which injured Oscar Simmons. Canal settled Simmons' claim for $75,000, and then filed this suit against Continental, Wimpy's insurance carrier. The complaint sought a declaratory judgment that Continental's insurance on Wimpy was the primary insurance coverage applicable to Simmons' claim. Both parties moved for summary judgment. The trial court denied Canal's motion and granted Continental's. This appeal followed.
The issue whether Canal or Continental is responsible for the primary level of coverage is determined by section 627.7263, Florida Statutes (1977).[1] This section mandates that the lessor's insurance policy is primary unless otherwise stated in bold type on the face of the rental or lease agreement. In the case before us, the lease agreement between Turner and Wimpy contains no such statement purporting to shift primary responsibility from Turner, the lessor. Accordingly, we find that Canal, as the primary insurer of the lessor Turner, must provide the first $10,000 of coverage pursuant to section 627.7263. Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985); Metropolitan Property & Life Insurance Co. v. Chicago Insurance Co., 479 So.2d 114 (Fla. 1985); Maryland Casualty Co. v. Reliance Insurance Co., 478 So.2d 1068 (Fla. 1985); Quinlan Rental & Leasing, Inc. v. Linnel, 484 So.2d 630 (Fla. 2d DCA 1986).
Next, to determine which party provides the second layer of coverage, we need look no further than the rules and regulations of the PSC which were in effect at the time of the lease and the accident in this case.[2] These regulations, promulgated pursuant to chapter 323, Florida Statutes (1975),[3] have the force and effect of a statute. State v. Jenkins, 469 So.2d 733 (Fla. 1985); Florida Livestock Board v. Gladden, 76 So.2d 291 (Fla. 1954). Florida Administrative Code Rule 25-5.17(2)(e), the regulation applicable here,[4] provided in part that each motor vehicle lease of a carrier operating under PSC certificates or *138 permits "shall provide that the lessee-carrier assumes full and complete responsibility and liability for the operation of the leased vehicle ... during the term of the lease." The lease as written required lessor Turner to provide primary coverage. However, the regulation became a part of the lease agreement and superseded that provision. Consequently, neither Turner nor Wimpy were free to contract between themselves regarding which would provide liability insurance. See Department of Motor Vehicles v. Mercedes-Benz, 408 So.2d 627 (Fla. 2d DCA 1981) (on grounds of public policy, a clause in a contract which violates a statutory provision is nugatory); 11 Fla. Jur.2d Contracts sec. 83 (1979).
The PSC regulation was not abrogated when, in chapter 77-48, Laws of Florida, the legislature adopted the 1977 version of section 627.7263. A regulation is operative from its effective date until it expires upon repeal of the statute from which it gains its life. Hulmes v. Division of Retirement, 418 So.2d 269 (Fla. 1st DCA 1982). When any conflict exists between the statute and the regulation, the statute, of course, controls. Nicholas v. Wainwright, 152 So.2d 458 (Fla. 1963); State, Dept. of Business Regulation v. Salvation Ltd., 452 So.2d 65 (Fla. 1st DCA 1984). In this case, a reading of the statute and the regulation together reveals that a conflict exists in primary coverage. Thus the statute, as we have held, controls. However, a further reading of the statute and regulation together reveals no conflict as to the second layer of coverage because that is not addressed by the statute. Hence, the regulation applies and controls the manner of payment of the amounts remaining due. Therefore, in this case we find that Continental, as the insurer of the lessee Wimpy, must provide the second layer of coverage.
Accordingly, the trial court erred in denying Canal's claim against Continental except for the statutory responsibility of the first $10,000. We therefore affirm in part, reverse in part, and remand to the trial court for entry of a judgment which allocates the responsibility for coverage as follows:
1. Canal in the amount of $10,000.
2. Continental in the amount of $65,000.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Section 627.7263, Fla. Stat. (1977), provides:

(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the lessee's insurance company's name if the lessor's insurance is not to be primary.
[2] Consequently, we do not address the subissue raised by the parties concerning whether the driver was the lessor's employee or a borrowed servant of the lessee.
[3] Chapter 323 was later repealed by section 3, chapter 76-168, Laws of Florida, effective July 1, 1980.
[4] This regulation remained in effect until July 1, 1980, when it was repealed pursuant to chapter 77-457(3)(h), Laws of Florida.