494 So.2d 487 (1986)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
EXECUTIVE CAR AND TRUCK LEASING, INC., et al., Respondents. and
COMMERCIAL UNION INSURANCE COMPANY, et al., Petitioners,
v.
EXECUTIVE CAR AND TRUCK LEASING, et al., Respondents.
Nos. 67368, 67409.
Supreme Court of Florida.
July 10, 1986.
Rehearing Denied October 15, 1986.
Wayne T. Gill and Luis S. Konski of Walton, Lantaff, Schroeder & Carson, West Palm Beach, on behalf of Allstate Ins. Co.
Eric A. Peterson of Peterson & Fogarty, P.A. and Richard A. Sherman of Law Offices of Richard A. Sherman, Fort Lauderdale, on behalf of Commercial Union Ins. Co. and Action Bolt & Tool Co.
*488 Brian C. Powers and Lloyd J. Heilbrunn of Law Offices of Brian C. Powers, Lake Worth, for respondents.
ADKINS, Justice.
We have for review Executive Car and Truck Leasing Inc. v. De Serio, 470 So.2d 21 (Fla. 4th DCA 1985), which expressly and directly conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Executive Car and Truck Leasing (Executive) leased an automobile to Lake Park Industrial Supply. Action Bolt and Tool Company (Action) is the successor in interest to Lake Park Industrial Supply. Robert Mendelsohn, an employee of Action, drove the vehicle in a negligent manner, causing a collision with a vehicle driven by Alberta De Serio. Mendelsohn was killed and De Serio was severely injured. De Serio was awarded $1,200,000 in damages. We are now faced with the task of ordering the five applicable insurance policies.
Industrial Indemnity Insurance Company (Industrial) insured Executive, the owner/lessor of the vehicle, under a primary policy in the amount of $500,000 and an umbrella policy with $5,000,000 limits. Commercial Union Insurance Company (Commercial) insured Action, the lessee, under a primary policy with $1,000,000 limits and an umbrella policy in the amount of $20,000,000. Allstate Insurance Company (Allstate) insured Mendelsohn, the negligent driver, under a primary insurance policy with liability coverage of $100,000.
The Fourth District Court of Appeal allocated the responsibility for payment of De Serio's judgment as follows:
1) Industrial Indemnity Company in the amount of $10,000;
2) Allstate Insurance Company in the amount of $100,000;
3) Commercial Union Insurance Company's primary policy in the amount of $1,000,000;
4) Commercial Union Insurance Company's excess policy in the amount of $20,000,000;
5) Industrial Indemnity Company's primary policy in the amount of $500,000;
6) Industrial Indemnity Company's excess policy of $5,000,000.
470 So.2d at 24.
This case provides us with an opportunity to apply a trilogy of recently decided cases in which we set forth the principles of law a court must apply when faced with the task of layering numerous insurance policies. Allstate Insurance Co. v. Fowler, 480 So.2d 1287 (Fla. 1985); Metropolitan Property and Life Insurance Co. v. Chicago Insurance Co., 479 So.2d 114 (Fla. 1985); Maryland Casualty Co. v. Reliance Insurance Co., 478 So.2d 1068 (Fla. 1985).
In Fowler and Maryland Casualty, we held that the insurer of the owner/lessor of the vehicle is responsible for the first $10,000 in damages, the amount of insurance the owner of a vehicle is required to maintain under the financial responsibility laws of Florida, section 324.151(1)(a) and 324.021(7), Florida Statutes (1981), unless the lessor properly shifted the burden of primary insurance pursuant to section 627.7263, Florida Statutes (1981). Executive does not contest the fact that they failed to shift the burden of primary insurance to the lessee. Thus, Industrial, Executive's insurer, must provide the first $10,000 worth of coverage.
Both Industrial and Commercial contend that their policies of insurance are entitled to follow the policy issued by Allstate, as a matter of law, because the Industrial and Commercial policies were issued to parties who are only vicariously liable and the Allstate policy was sold to the actively negligent party. According to Fowler and its progeny, the insurer of the vicariously liable party must be entitled to indemnity before it is automatically entitled to follow the insurer of the actively negligent party. The insurer of a vicariously liable party is only entitled to indemnity if it does not insure a joint tortfeasor or the actively negligent party as an additional insured. 480 So.2d at 1290. Commercial's policies insure Mendelsohn, the actively *489 negligent party, as an additional insured. Industrial's policies do not. Thus, since Industrial insured a vicariously liable party and is entitled to indemnity, its policies cannot be reached until the Allstate and Commercial policies are exhausted.
We must now decide the order of coverage between Commercial and Allstate. Commercial is not entitled to indemnity because it insures the actively negligent party. Policy language will control in those situations in which the right to indemnity does not lie. 479 So.2d at 116. The Allstate policy and both Commercial policies contain an "other insurance" clause which states that its policy will be excess over other collectible insurance. The "other insurance" clauses in the respective policies cancel each other out, which results in our apportioning the policies on a pro-rata basis determined by the policy limits in relation to the loss. Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., 374 F.2d 601 (5th Cir.1967); Quinlan Rental and Leasing, Inc. v. Linnel, 484 So.2d 630 (Fla. 2d DCA 1986). However, the Commercial umbrella policy only takes effect after the Allstate and primary Commercial policy are exhausted because "umbrella coverages ... are regarded as true excess over and above any type of primary coverage, excess provisions arising in regular policies in any manner, or escape clauses." Appleman, Insurance Law and Practice § 4909.85 (1981).
Commercial asserts that only $100,000 of its policy should be pro-rated with Allstate's policy. This assertion is based upon the lease agreement between Executive and Action which, Commercial contends, only required Action to insure the vehicle for $100,000. The lease provision in question provides no support for Commercial's contention. The lease requires Action to obtain insurance "in the sum of not less than $100,000/$300,000" (Emphasis supplied). Commercial is bound by its agreement to supply Action with $21,000,000 worth of insurance.
The order of priority of coverage is as follows:
1) Industrial Indemnity Company in the statutory amount of $10,000;
2) The Allstate Insurance Company policy in the amount of $100,000 pro-rated with the Commercial Union Insurance Company primary policy in the amount of $1,000,000;
3) Commercial Union Insurance Company's umbrella policy in the amount of $20,000,000;
4) Industrial Indemnity Company's primary policy in the amount of $490,000;
5) Industrial Indemnity Company's umbrella policy in the amount of $5,000,000.
Accordingly, we quash the decision of the district court and remand with instructions to further remand to the trial court for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.