HARRIS, Judge.
Malcolm VanArkadie leased a car from Alamo Rent-A-Car (Alamo). Under the terms of his rental agreement, Alamo provided liability insurance in the amount of the minimum required by law ($10,000) and VanArkadie agreed to indemnify Alamo for any “loss, liability or expense” in excess of that coverage resulting from his use of the car. Alamo had in force a single policy of insurance with Liberty Mutual Insurance Company (Liberty) in the face amount of $1,000,000 but which had a “cut back provision” that provided:
The insurance provided by this policy for [the] lessee ... is subject to the terms, including any limit of liability, condition, restrictions and limitations, contained in the lease[.]
VanArkadie was operating the leased vehicle and collided with the Graves vehicle causing substantial injury to Mr. Graves. In a subsequent law suit against Alamo and VanArkadie, Liberty settled with the Graves for $750,000.
Liberty brought this present action to recover the excess judgment over $10,000 from VanArkadie.[1]
VanArkadie defended on two grounds: 1) VanArkadie, as lessee, was an insured under Alamo’s liability policy with Liberty and an insurer cannot recover indemnity from its own insured and 2) equitable es-toppel. The trial court found for VanArka-die on the first ground and therefore the equitable estoppel argument was not decided by it and is not before us.
A similar issue was before the Supreme Court in Ins. Co. of North America v. Avis Rent-A-Car, 348 So.2d 1149 (Fla.1977). There Avis leased a vehicle to Camp Ocala, Inc. Although Avis was insured by Liberty Mutual in the amount of $500,000/ $1,000,000, by endorsement the coverage afforded the lessee was reduced to the amount provided by the lease agreement— $100,000. An employee of Camp Ocala, while operating the vehicle, collided with another vehicle causing substantial injury to one of the campers. Liberty, on behalf of Camp Ocala and Avis, settled for $350,-000. The issue before the court was whether and to what extent Camp Ocala, its insurer and/or its negligent employee[2] should be responsible to Liberty for the settlement amount in excess of the coverage provided to the lessee by the terms of the lease.
The INA court determined that Liberty, who insured Avis under a policy apparently the same or very similar to the policy involved in this action,[3] was first responsible up to the amount of coverage provided to *1019 Camp Ocala by the lease. Then INA, as Camp Ocala’s insurer, would be responsible for the $200,000 covered by its policy. The court then stated:
Going beyond INA’s liability to that of Camp Ocala, we hold that nothing in the present financial responsibility statute or in the common law of this state would bar Liberty Mutual from bringing suit for indemnification against the negligent driver or the lessee of the car, or their carriers for the $50,000 it was obliged to pay after the lessee’s insurance had been exhausted. Neither Roth [v. Old Republic Ins. Co., 269 So.2d 3 (Fla.1972) ] nor Susco [Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959)] dictate that the owner of an automobile may not be indemnified by the negligent operator or lessee of a vehicle for liability beyond the contract insurance provided to the lessee, so long as the contract provides at least the statutory minimum of coverage. Although Avis and Liberty Mutual are prohibited from seeking indemnification for the first $100,000 of insurance provided through the rental agreement, the public policy which bars indemnification to that extent has no effect on the traditional tort doctrine of indemnification by the wrong doers. [Emphasis added.]
INA at 1154.
A similar issue was again before the supreme court in Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla.1985). In Fowler, Travelers Insurance Company had issued two policies to Enterprise Leasing, the owner of a leased vehicle. The first policy was for $10,000 which also insured the lessee and met the statutory minimum. The second policy was for $500,000 and insured only Enterprise. A lessee driving a vehicle leased from Enterprise, struck a motorcyclist (Fowler) causing injury. Allstate, the lessee’s insurance carrier, filed a declaratory judgment action to determine priority of coverages. The court held that the owner’s insurance company would be liable for the statutory minimum and then the insurer for the lessee (negligent driver) would be responsible to the extent of its coverage. Only then would the owner’s excess coverage come into play.
The Fowler court restated the principle that:
A right of indemnity does not exist if the insurer of the vicariously liable party insures the actively negligent as an additional insured because an insurance company cannot sue its own insured for indemnity.
Fowler at 1290.
The Fowler court held that since the excess coverage policy (a separate policy in the Fowler case) did not include the lessee as an insured, then indemnity was appropriate.
In the case at bar the mandatory coverage insurance which also covers the lessee is included within the same policy as the excess coverage provisions which insures only Avis. VanArkadie urges that the use of a single policy in this case is determinative as to whether indemnity is permitted. We disagree.
We read Fowler as referring to insurance coverages rather than the number of policies. The excess coverage did not cover the lessee in Fowler nor does it cover Van-Arkadie in the present case. This is consistent with INA where a single policy appears to have been employed.
We reverse and remand to the trial court for a determination of the unresolved issue of equitable estoppel.
REVERSED and REMANDED.
COWART, J., and ORFINGER, M., Senior Judge, concur.

. The action initially included VanArkadie’s Canadian liability insurer but service could not be effected.

. Although the employee was not a named defendant in the tort action, the court discussed her potential liability.

.It appears that Avis had only one policy with Liberty in the face amount of $500,000/$1,000, 000. The coverage was reduced to the lessee by way of endorsement — as it was in this case.