DECISION
Plaintiffs-appellants, Jack D. Summers and The Grange Insurance Companies ("Grange"), appeal from a Franklin County Court of Common Pleas decision that resolved cross-motions for summary judgment in favor of defendant-appellee, Motorists Mutual Insurance Companies ("Motorists").
This insurance coverage dispute arises as a result of an automobile accident that occurred in Florida and involved a rental car. In 1996, Sheila Bender and her husband were vacationing in Florida with their friends, Jack and Jillora Summers. Mrs. Bender rented a car from Alamo Rent-A-Car, Inc. ("Alamo"). When she rented the car, Bender had an automobile insurance policy with Motorists.
Under the terms of her rental agreement with Alamo, Bender was the only authorized driver. Nevertheless, on November 1, 1996, Jack Summers was driving the rental car when he struck a pedestrian in a parking lot. Summers' negligence was the sole cause of the accident. The pedestrian, Michael B. Costello, was injured. At the time of the accident, Summers had an automobile insurance policy with Grange.
Pursuant to Florida's no-fault statutory insurance scheme, Costello's insurance carrier compensated Costello's estate[1] up to the no-fault policy limit. Costello's estate then filed a lawsuit in Florida against Alamo, Bender and Summers to recover losses in excess of the no-fault policy limit. The Florida litigation settled when Grange paid $90,000 to Costello's estate.
Appellants then brought the instant action against Motorists. Appellants sought a declaration that, as Bender's insurance carrier, Motorists was required to provide coverage for the accident. They requested indemnification for the $90,000 Grange paid to Costello's estate and reimbursement for Summers' defense. Appellants also requested damages for Motorists' alleged failure to negotiate in good faith. In its counterclaim, Motorists asked for a declaration that the policy it issued to Bender does not provide coverage for the damage caused by Summers. The trial court resolved cross-motions for summary judgment in Motorists' favor, prompting this appeal.
Appellants now raise the following assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT THE APPELLEE DID NOT HAVE A DUTY TO INDEMNIFY/INSURE THE APPELLANT JACK SUMMERS AND BY HOLDING THAT JACK SUMMERS WAS NOT AN INSURED UNDER THE POLICY ISSUED BY THE APPELLEE TO SHEILA M. BENDER.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT WHEN IT FAILED TO HOLD THAT FLORIDA LAW MADE THE APPELLEE'S POLICY PRIMARY AND THAT AS A PERMISSIVE USER OF THE VEHICLE INSURED BY THE APPELLEE THE APPELLANT JACK SUMMERS WAS ENTITLED TO BE COVERED BY THE APPELLEE'S POLICY.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. Because we conclude that Motorists is required to provide primary insurance coverage in the amount of $10,000 under Florida's financial responsibility law, we sustain appellants' assignments of error.
We address appellants' assignments of error simultaneously, as they both turn on whether Motorists was required, as a matter of law, to provide coverage for the accident.
The parties agree that Florida law governs the substantive issues in this case. Florida law requires all owners and operators to maintain minimum insurance coverage. See Fla.Stat.Ann. 324.021. The statutory obligation to purchase liability insurance generally remains with the owner/lessor of a rental vehicle. Sunshine Dodge, Inc. v. Ketchem (Fla.App. 1984), 445 So.2d 395, 397. The owner/lessor of a rental car may, however, shift primary insurance responsibility to the lessee's insurance company by including satisfactory language in the rental agreement. Fla.Stat.Ann. 627.7263 outlines the following mechanism for shifting primary insurance responsibility:
 The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease is primary unless otherwise stated in at least 10-point type on the face of the rental or lease agreement. Such insurance is primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
 If the lessee's coverage is to be primary, the rental or lease agreement must contain the following language, in at least 10-point type:
 "The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by ss. 324.021(7) and 627.736, Florida Statutes."
Alamo took advantage of the insurance shifting statute, and the rental agreement between Alamo and Bender contained the following language:
 THE VALID AND COLLECTIBLE LIABILITY INSURANCE AND PERSONAL INJURY PROTECTION INSURANCE OF ANY AUTHORIZED RENTAL OR LEASING DRIVER IS PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL INJURY PROTECTION COVERAGE REQUIRED BY SS. 324.021(7) AND 627.734, FLORIDA STATUTES.
Appellants argue that, in light of this language, Motorists' policy is primary and Motorists is therefore required to provide coverage for the accident.
As an initial matter, we note that, although appellants argue that Motorists should indemnify Grange for the entire amount it paid to settle the Florida litigation, neither Fla.Stat.Ann. 627.7263 nor the rental agreement impose primary insurance responsibility beyond $10,000. Fla.Stat.Ann. 627.7263 states in part that the lessee's insurance "is primary for the limits of liability and personal injury protection coverage required by ss. 324.021(7) and 627.736, Florida Statutes." [Emphasis added.] These statutes require liability coverage of $10,000. Words in a statute are given their plain and ordinary meaning. Graham v. State (Fla. 1978), 362 So.2d 924, 925. The Florida Supreme Court has held that, under the plain meaning of the statute, a carrier who becomes the primary insurer by operation of Fla.Stat.Ann. 627.7263 "only provides primary insurance coverage for the first $10,000 regardless of the amount of the policy issued." Maryland Cas. Co. v. Reliance Ins. Co. (Fla. 1985), 478 So.2d 1068, 1070. At most, therefore, Motorists would be liable for $10,000.
Although their arguments occasionally overlap, appellants have in essence argued two theories as to why Motorists is liable for coverage as the primary insurer. First, appellants argue that, by operation of Fla.Stat.Ann. 627.7263, the rental vehicle was a "covered auto" under the language of the Motorists' insurance policy and that Motorists is therefore obligated to provide coverage. Second, appellants argue that Motorists must provide primary coverage under Florida's dangerous instrumentality doctrine because Summers was a permissive user of the rental car.
With regard to appellants' first theory for recovery, we disagree that the rental car was a "covered auto" under Motorists' policy and that Motorists was thereby required, under the terms of its policy, to provide insurance for Summers' negligence. By their express language, Fla.Stat.Ann. 627.7263 and the rental agreement only shifted responsibility for "[t]he valid and collectible liability insurance" of the "authorized rental or leasing driver." Because Bender was the authorized rental driver, Motorists' liability and personal injury protection insurance is primary, but only insofar as it is valid and collectible. In this case, the insurance was not valid and collectible to cover Summers' negligence.
Motorists insured Bender for her use of "any auto." Accordingly, the Motorists' policy would have covered loss caused while Bender was using the rental car. The policy also provided coverage for other drivers in limited circumstances. The policy states that the term "insured" also includes "any person using your covered auto." If the car Bender rented was a covered auto, therefore, Summers would also be covered because he would be an insured for purposes of the policy. Under the policy, however, "covered auto" means:
Any vehicle shown in the Declarations.
 Any of the following types of vehicles on the date you became the owner:
a private passenger auto; or
a pickup or van that:
* * *
Any trailer you own.
 Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
a. breakdown;
d. loss; or
b. repair;
e. destruction. [Emphasis sic.]
servicing;
The Alamo rental car does not fit into any of these definitions of "covered auto." Accordingly, Summers was not an insured under the Motorists' policy. Because the Motorists' policy does not provide coverage for Summers' use of the Alamo rental car, the policy did not provide valid and collectible insurance for the accident at issue.
Appellants argue that Motorists' policy language unlawfully defeats the intent of the Florida legislature to hold a renter's insurer responsible for coverage in the event of an accident. They argue that, by operation of Fla.Stat.Ann. 627.7263, the rental car is automatically a "covered auto" for purposes of Motorists' policy. We disagree. The plain language of the statute does not support appellants' argument. According to the statute, the "valid and collectible" insurance of the leasing driver's coverage is primary; the statute does not state that the lessee's insurance must provide coverage for all accidents involving the rental car. See American Cas. Co. v. Fernandez (Fla.App. 1986),490 So.2d 1340, 1341-1342 (concluding that a rental car was not a "covered auto" under identical policy language).
As to appellants' second theory for recovery, we agree that Motorists is responsible for $10,000 in coverage as the primary insurer as a result of Bender's vicarious liability under Florida's dangerous instrumentality doctrine.
Florida's dangerous instrumentality doctrine imposes "strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." Aurbach v. Gallina (Fla. 2000), 753 So.2d 60, 62. Under the doctrine, an owner/lessor is vicariously liable for damages caused by the negligence of a lessee. See Susco Car Rental System of Florida v. Leonard (Fla. 1959), 112 So.2d 832, 835-836. An owner/lessor is also vicariously liable for damages caused by a driver to whom the lessee voluntarily entrusts the vehicle, even if the driver is not authorized under the terms of the lease. Id. In addition to holding rental car owners vicariously liable, the Florida Supreme Court "has also recognized the vicarious liability of lessees * * * of motor vehicles who authorize other individuals to operate the motor vehicles." Aurbach, at 63.
Accordingly, both Alamo and Bender would be vicariously liable for damage caused by Summers if Bender authorized Summers to use the vehicle. Alamo shifted its liability, however, to Bender, pursuant to Fla.Stat.Ann. 627.7263. "Where the active tortfeasor does not own the motor vehicle, the first layer of coverage must be provided by the insurer of the owner of the vehicle." Quinlan Rental Leasing, Inc. v. Linnel (Fla.App. 1986), 484 So.2d 630, 632, citing Allstate Ins. Co. v. Fowler (Fla. 1985), 480 So.2d 1287. "The only exception to this rule is when a lease situation exists and the lessor, pursuant to section627.7263, Florida Statutes * * * has properly shifted the burden of primary insurance coverage to the lessee," in which case the lessee's insurance is primary and must provide primary coverage to the extent that coverage is valid and collectible. Id.
The Motorists' policy is valid and collectible to provide coverage if Bender is vicariously liable under the dangerous instrumentality doctrine. The policy states the following in relevant part:
 We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. * * * [Emphasis sic.]
Accordingly, if Bender authorized Summers' use of the car, Bender would be legally responsible pursuant to Florida's dangerous instrumentality doctrine and Motorists would be obligated to provide coverage to the extent required by Fla.Stat.Ann. 627.7263. See Sanders v. Mid-Century Ins. Co. (Fla.App. 1997), 695 So.2d 494, 495 (concluding that identical policy language obligated an insurer to provide coverage for an insured's vicarious liability).
We conclude that the undisputed evidence establishes that Summers had Bender's authorization to drive the rental car at the time of the accident. Although Summers did not expressly ask for permission to drive the car on the day of the accident, Bender admitted that she probably would not have denied him the use of the car. Moreover, Bender expressly allowed Summers to drive the rental car on the day after the accident. We conclude that these circumstances are sufficient to impose upon Bender vicarious liability for Summers' negligence.
The trial court reasoned that, even if Motorists were required to provide coverage under the dangerous instrumentality doctrine, Motorists was entitled to indemnity from Summers' insurer because Summers was the actively negligent party. We disagree that Motorists is entitled to indemnity for the first $10,000 in coverage. Under Florida's financial responsibility law, the primary insurer is required to provide the first $10,000 in coverage and may only seek indemnity for coverage in excess of $10,000. The Florida Supreme Court has held that "the insurer of the owner/lessor of the vehicle is responsible for the first $10,000 in damages, the amount of insurance the owner of a vehicle is required to maintain under the financial responsibility laws of Florida * * * unless the lessor properly shifted the burden of primary insurance pursuant to section 627.7263, Florida Statutes (1981)." Allstate Ins. Co. v. Executive Car and Truck Leasing, Inc. (Fla. 1986), 494 So.2d 487, 488. In turn, "the insurer of a party who is only vicariously liable is entitled to follow the insurer of the actively negligent party," but only "once the financial responsibility law has been satisfied." Maryland Casualty Co., at 1070. An insurer of a vicariously liable party is, therefore, entitled to indemnity from the insurer of an actively negligent party, but only after the $10,000 in statutory damages have been paid. See Allstate Ins., at 488-489.
We therefore conclude that Motorists is responsible to indemnify Grange for the first $10,000 in damages.
For the foregoing reasons, we sustain appellants' assignments of error to the extent indicated, and the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded for further proceedings in accordance with this decision.
 ___________________ BOWMAN, J.
LAZARUS and BROWN, JJ., concur.
[1] Costello died on December 22, 1996, for reasons unrelated to the car accident at issue.